## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOTHAM CITY ORTHOPEDICS, LLC, | |
| Plaintiff, | |
| v. | |
| HORIZON HEALTHCARE SERVICES, INC. D/B/A HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; ANTHEM, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD; HIGHMARK INC. D/B/A HIGHMARK BLUE CROSS BLUE SHIELD; BLUE CROSS BLUE SHIELD OF ALABAMA; NON-NEW JERSEY BLUE CROSS BLUE SHIELD PLANS 1-10, AND JOHN DOES 1-10. | **CIVIL ACTION NO.:**<br><br>**COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Gotham City Orthopedics ("Plaintiff"), by way of this Complaint against Defendants, Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon NJ"), Anthem, Inc. d/b/a Anthem Blue Cross Blue Shield ("Anthem"), Highmark Inc. d/b/a Highmark Blue Cross Blue Shield ("Highmark"), Blue Cross Blue Shield of Alabama ("Horizon Alabama"), Non-New Jersey Blue Cross Blue Shield Plans 1-10 (collectively "Horizon") and John Does 1-10, alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action to stop and redress Horizon's systematic failure to process and make payment upon legitimate and proper claims for services rendered to participants in health plans insured and/or administered by Horizon (the "Horizon Plans"), who either assigned to Plaintiff their legal rights and benefits under their respective plans or executed a Power of Attorney authorizing Plaintiff to pursue on a participant's behalf collection of claim payments.

-1-

(the "Horizon Insureds"). Correspondence, account activity reports and claims documentation over the course of years demonstrates Horizon's imposition of an improper claims "procedure" that wrongfully denied and/or underpaid reimbursement of "out-of-network" benefits on claims assigned to Plaintiff by the Horizon Insureds and/or pursued for collection by Plaintiff on behalf of Horizon Insureds pursuant to Powers of Attorney, covering medical services rendered from 2014 to present (the "Claims").

2.      Horizon's review and processing of Plaintiff's Claims is characterized, *inter alia*, by sweeping denials of the Claims by Horizon; automatic, indiscriminate, adverse benefit determinations lacking any and/or adequate explanation of the reason or reasons for denial of Claims other than an improper finding that the claims were not medically necessary and the procedures were repetitive; failure to provide adequate notification and disclosures; improper review and processing of appeals; and adverse benefit determinations on erroneous grounds.

3.      Horizon's failure to implement and maintain reasonable claims procedures, its failure to reimburse Plaintiff for services rendered to the Horizon Insureds, constitute violations of federal law including the Employee Retirement Income Security Act of 1974 ("ERISA"), New Jersey State law, and the contractual, fiduciary and other obligations owed by Horizon to its Insureds (as to which Plaintiff is the assignee). For the patients listed below, Plaintiff has incurred $10,445,443.39 in charges for which Horizon has only paid $877,195.21 – **a payment rate of only 8.0%.** Accordingly, Plaintiff has incurred no less than **$9,568,248.18** in unpaid services because of Horizon's unsubstantiated Claim denials and/or reductions.

4.      Detailed information is not set forth herein solely to protect the identity and Protected Health Information of the patients. Plaintiff will provide a list of Claims with complete identifying information, including patient names and Horizon identification numbers to

Defendant's counsel.  In addition, Plaintiff has provided the Claims detail at issue, redacted for Personal Health Information, attached as **"Exhibit A."**

5.      In short, Plaintiff seeks a judgment in its favor for the relief requested below.

## PARTIES

6.      Plaintiff is a medical practice located at 50 Mount Prospect Avenue, Suite 104, Clifton, New Jersey 07013.

7.      Defendant Horizon NJ is, upon information and belief, a New Jersey corporation, with a principal place of business at Three Penn Plaza East, Newark, NJ 07105-2200.

8.      Defendant Anthem is, upon information and belief, an Indiana corporation, with a principal place of business at 120 Monument Circle, Indianapolis, IN  46204-4902.  Upon information and belief, Horizon provided administrative services for Anthem.

9.      Defendant Highmark is, upon information and belief, a Pennsylvania corporation, with a principal place of business at Fifth Avenue Place, 120 Fifth Avenue, Pittsburgh, PA 15222-3099.  Upon information and belief, Horizon provided administrative services for Highmark.

10.      Defendant Horizon Alabama is, upon information and belief, an Alabama corporation with a principal place of business at 450 Riverchase Parkway East, Birmingham, AL 35244.  Upon information and belief, Horizon provided administrative services for Horizon Alabama.

11.      Defendants, Non-New Jersey Blue Cross Blue Shield Plans 1-10, as yet unidentified, are health insurers or similar entities, and are fictitious defendants to be identified in the course of litigation.  Upon information and belief, Horizon provided administrative services for the Non-New Jersey Horizon Plans 1-10.

12.      "Horizon" is a brand name used for products and services provided by one or more

of the Horizon group of subsidiaries that offer, underwrite, or administer benefits. When used in this Complaint, "Horizon" includes all Horizon subsidiaries owned and controlled by any of the named Defendants.

13.     The individual insureds are employees or covered relatives of employees covered under their employers' health insurance plan and entitled to health benefits under plans, which are sponsored, funded and administered by Horizon. At all relevant times, Defendants provided healthcare coverage to and/or administrative services for the health insurance plans of the individual insureds. Defendants' health insurance plan provided health, medical and hospital coverage, including emergency room coverage, expressly and/or by operation of law.

14.     Defendants John Does 1-10, yet unidentified, are individuals and/or corporations who, upon information and belief, committed, participated in, solicited others to engage in, and/or knowingly assisted, conspired with or urged others to commit the wrongful acts set forth herein. John Does 1-10 are fictitious defendants to be identified in the course of litigation.

## JURISDICTION

15.     Horizon's conduct in providing, underwriting and administering employer-sponsored health benefit plans, including making determinations of reimbursements to be paid to providers of health care services to Horizon plan participants pursuant to the terms of such plans, is governed by ERISA, 29 U.S.C. § 1001, *et seq.* As a result, this Court has subject matter jurisdiction over Plaintiff's ERISA claims under 29 U.S.C. § 1132 of ERISA, and under 28 U.S.C. § 1331, which confers upon federal district courts jurisdiction over all civil actions arising under the laws of the United States.

16.     This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims, including claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Promissory Estoppel, Unjust Enrichment and Quantum Meruit, under 28 U.S.C. § 1367.

BE:11572619.1/GOT052-278598

## VENUE

17.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 because, among other things, Horizon conducts a substantial amount of business in this district, and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint arose in this district.

## FACTS COMMON TO ALL COUNTS

### A.     Background

18.     Horizon is in the business of providing, underwriting and/or administering various forms of health insurance, including individual, employer-sponsored, and governmental health insurance coverage.  Through these plans, Horizon reimburses Horizon Insureds for certain health care expenses ("Covered Services"), subject to the terms, conditions, and benefit limitations set forth under the plans.

19.     Horizon's insurance plans include but are not limited to: Horizon Health Maintenance Organization ("Horizon HMO"); Horizon Point of Service Plans ("Horizon POS"); Horizon Preferred Provider Organization Plans ("Horizon PPO"); Horizon Open Access Plans; Horizon Traditional Choice Indemnity Plans; Horizon Health Savings Account Plans ("Horizon HSA"); traditional indemnity plans; and Federal Employees Health Benefits Plans.

20.     Horizon provides, underwrites and/or administers the health insurance benefits of numerous Horizon Insureds in the State of New Jersey.

21.     Upon information and belief, the Horizon Insureds are is covered by a Plan offered, underwritten, or administered by Horizon as part of a private, employer-provided employee health and/or welfare benefit plan governed by ERISA.  ERISA governs all such private employee health and welfare benefit plans, whether they are fully-insured or self-funded.

22.     Horizon provides its Insureds with access to Covered Services by utilizing, in part,

a network of health care providers who have contractually-agreed to participate in the Horizon Plans and thus render care on a fixed-fee basis. The health care providers who enter into these participation agreements or contracts with Horizon are referred to as "Participating Providers."

23.     The Horizon Plans that are the subject of this Complaint provide for so-called "out-of-network" benefits, under which the Horizon Insureds are entitled to insurance benefits for services rendered by health care providers that have not entered into Participating Provider agreements with Horizon. These "Non-Participating Providers" have not agreed to accept Horizon's contractual fee schedule when providing Covered Services to Horizon Insureds. Instead, Non-Participating Providers are entitled to be reimbursed at usual, customary and reasonable ("UCR") rates.

24.     At all relevant times, Plaintiff was a Non-Participating Provider with Horizon.

25.     As such, Plaintiff has rendered health care services to Horizon Insureds and is supposed to be paid by Horizon directly for providing such services through the issuance of benefits under the terms of Horizon Plans.  Each of these services was reported by Plaintiff to Horizon for reimbursement purposes pursuant to the American Medical Association's Current Procedural Terminology ("CPT"), which is used by licensed providers in submitting health insurance benefit claims to third party payers, including insurers such as Horizon.

26.     Because the benefits payments to Plaintiff were based on Horizon's evaluation and assessment of the terms and conditions of ERISA Plans, ERISA governs the adjudication and disposition of these benefits payments.  Further, because Horizon paid Plan benefits directly to Plaintiff as an assignee under the benefits assignments received from the Horizon Insureds, Plaintiff is deemed to be a Plan beneficiary under ERISA, with standing to assert rights and protections under this statute.

27.     Alternatively, Plaintiff is an authorized agent of the Horizon Insureds under Powers of Attorney duly executed by the Horizon Insureds authorizing Plaintiff to, *inter alia*, file suit on behalf of the Horizon Insureds against Horizon for claims relating to reimbursement payments for medical services rendered by Plaintiff.

**B.     Assignment of Rights and Benefits of the Horizon Insureds to Plaintiff**

28.     As a matter of course, the Horizon Insureds treated by Plaintiff signed an assignment of benefits form ("AOB").  This document includes an assignment through which the Horizon Insureds directly assigns to Plaintiff his or her rights and benefits under the Horizon Plan governing the patient's health care services rendered by Plaintiff.  Further, by executing the AOB, the Horizon Insureds authorizes the release of any necessary information to his or her insurance carrier.

29.     A sample of AOB form signed by Plaintiff's patients (including the Horizon Insureds at issue) states, in relevant part:

> I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me, including but not limited to all my rights under "ERISA" which may be applicable to the medical services at issue.  I specifically assign to you all of my rights and claims with regards to the employee health benefits at issue including all rights and claims (including claims for assessment of penalties and for attorneys' fees) arising under ERISA or other federal or state laws.
>
> ***
>
> I authorize you to file insurance claims on my behalf for services rendered to me and this specifically includes filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier.  I irrevocably authorize you to retain an attorney of your choice on my behalf for collection of your bills.  I direct that all reimbursable medical payments go directly to you, my medical provider.  I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage and I specifically authorize you to pursue ant administrative appeals conducted pursuant to "ERISA".

30.     Plaintiff obtained a valid assignment of rights and benefits conferred to the Horizon

Insureds under the Horizon Plans for the Claims at issue in this action.  Pursuant to these assignments, Plaintiff has standing to pursue claims for benefits on behalf of the Horizon Insureds under ERISA, and under the laws of the State of New Jersey.

31.     Following treatment, pursuant to the AOB, Plaintiff is entitled to payment from Horizon and directly submits to Horizon claims forms for reimbursement of services rendered to the Horizon Insureds.

32.     Horizon is obligated under the Horizon Plans to pay in accordance with the Horizon Insureds' right to receive reimbursement for out-of-network care.

33.     At all relevant times, Plaintiff regularly submitted claims for reimbursement to Horizon with respect to Covered Services it provided to the Horizon Insureds.

34.     Following Plaintiff's submission of claims for reimbursement to Horizon, Horizon corresponds, or should correspond, directly with Plaintiff regarding the status of those claims, and has remitted reimbursement for certain claims directly to Plaintiff.

35.     Throughout Horizon's entire course of conduct with respect to Claims submitted by Plaintiff as the assignee of the Horizon Insureds, Horizon has never claimed that it has the right to reject Claims because they were assigned to Plaintiff.  As a result, to the extent Horizon ever could have raised a defense to the Claims asserted herein based on their assignment to Plaintiff, Horizon has waived and is estopped from raising such a defense or position, irrespective of whether any Horizon Plan at issue contains an anti-assignment provision.

36.     Accordingly, Plaintiff has standing by assignment, and independently, based on waiver and estoppel, to sue Horizon as an ERISA beneficiary.

**C.**     **Plaintiff Is Authorized Under Powers of Attorney to Pursue Claims for Benefits on Behalf of Horizon Insureds**

37.     In the alternative, to the extent Horizon claims that Claims were rejected due to an

BE:11572619.1/GOT052-278598

anti-assignment provision in the Horizon Plans, Plaintiff has also obtained a Power of Attorney properly executed by each Horizon Insureds authorizing Plaintiff to pursue claims and file suit on behalf of the Horizon Insureds against Horizon for payment of benefits for medical services rendered by Plaintiff.  Pursuant to these Powers of Attorneys, Plaintiff has standing to bring this action on behalf of the Horizon Insureds under ERISA, and under the laws of the State of New Jersey.

38.     A sample of Power of Attorney form signed by Plaintiff's patients (including the Horizon Insureds at issue) states, in relevant part:

> I do not believe my employee health benefits plan would prohibit this assignment, but should same be the case, or should by assignment be challenged or deemed invalid, I execute this limited/special power of attorney and appoint and authorize your collection attorney as my agent and attorney-in-fact to collect payment for medical services directly against the carrier in this case, in my name or in your name as medical provider rendering services to me and designate your collection attorney as my attorney in fact.

39.     Accordingly, Plaintiff has standing as authorized agents of the Horizon Insureds to pursue the collection of claim reimbursements, on behalf of the Horizon Insureds, for medical services rendered by Plaintiff.

**D.     Horizon's Failure to Lawfully Implement and Apply Reasonable Claims Procedures, Improper Denial of Plaintiff's Valid Claims and Failure to Provide Full and Fair Review of Denied Claims in Violation of ERISA and Terms of Horizon Plans**

40.     With respect to those of its Plans sponsored by private employers, Horizon is subject to ERISA, and its governing regulations.

41.     Under ERISA, Horizon cannot systematically deny coverage for services (or types of services) unless the applicable Horizon Plan contains an express exclusion specifying that such services are not Covered Services under that Plan's terms.

42.     Under ERISA, Horizon cannot systematically underpay for services under the applicable plan and must make payments of benefits in the manner and amounts required under

the terms of the applicable Horizon Plan.

43.     In offering and administering the Horizon Plans and making payment decisions, Horizon functions as a "plan administrator" pursuant to ERISA.  Horizon interprets and applies the Plan terms, makes all coverage decisions, and/or provides for payment to Insureds and/or their providers.  Horizon functions as a "plan administrator" when it insures or administers a group health plan, when it is designated as a plan administrator for such a plan, or when it determines appeals and addresses grievances within the meaning of such terms under ERISA.  As a plan administrator, Horizon also assumes various obligations specified under ERISA, including providing its Insureds and their assignees with a Uniform Medical Policy ("UMP"), a document designed to describe in layperson's language the material terms, conditions and limitations of the Plan.  The full details of the plan, which are summarized in the UMP, are contained in the Evidence of Coverage that governs each Horizon Insureds' Plan.

44.     If the employer, or an entity other than Horizon, is deemed to be the plan administrator, Horizon remains responsible for ensuring that the UMP complies with the law under its duties as a co-fiduciary as provided in ERISA, 29 U.S.C. § 1105.

45.     Horizon also exercises discretionary authority and control in its administration of Horizon Plans, over claims processing and adverse benefit determinations with respect to claims of Horizon Insureds and their assignees, and in its interaction with Horizon Insureds and their assignees.  Therefore, Horizon also functions as a fiduciary as defined under ERISA.  Irrespective of its status as plan administrator, Horizon is liable for breach of its obligations as a fiduciary, as provided in ERISA 29 U.S.C. § 1109, because it exercises discretionary authority and/or control.

46.     Horizon's fiduciary functions include, *inter alia*, preparation and submission of Explanation of Benefits statements ("EOBs"); determinations regarding claims for benefits and

coverage; oral and written communications with Horizon Insureds, their assignees, and medical providers regarding coverage and claims determinations; and the processing, management, review, decision making and disposition of appeals and grievances under Horizon Plans.

47. Under ERISA, Horizon is required, among other things, to comply with the terms and conditions of its Plans; to afford its Insureds, or their providers where a valid assignment of benefits exists, an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements; to establish and follow reasonable claims procedures prescribed in ERISA regulations; and to make appropriate and non-misleading disclosures to Insureds, their assignees, and providers. Such disclosures include accurately setting forth Plan terms; explaining the specific reasons why a claim is denied and the internal rules and evidence underlying such determinations; disclosing the basis for its interpretation of Plan terms; and providing appropriate data and documentation concerning its coverage decisions.

48. The comprehensive ERISA regulatory scheme governs, *inter alia*, the timing and notification of benefits determinations by Horizon; the manner and content of notification of benefits determinations; and the procedure, timing and manner of notification requirements concerning appeal of adverse benefits determinations by Horizon.

49. With respect to post-service reimbursement claims, ERISA regulations require Horizon to notify claimants of an "adverse benefit determination," no later than 30 days after receipt of a claim. Under ERISA, the term "adverse benefit determination" is defined as follows:

> a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of any utilization review, as well as a failure to cover an item or service for which benefits are otherwise provided because it is determined to be

-11-

experimental or investigational or not medically necessary or appropriate.

29 C.F.R. § 2560.503-1(m)(4).

50.     ERISA's reasonable claims procedure regulations further require Horizon, *inter alia*, to set forth the following information in an understandable manner in all adverse benefit determinations to claimants: (a) the specific reason or reasons for the determination; (b) reference to the specific plan provisions on which the determination is based; (c) a description of any additional material or information necessary to perfect the claim and an explanation of why such information is necessary; (d) a description of the plan's review procedures and the applicable time limits, including a statement advising of the right to bring a civil action under ERISA; (e) a statement regarding any internal rule, guideline, protocol, or other similar criteria relied upon in making the determination; and (f) a statement regarding the scientific or clinical judgment underlying a determination based on a medical necessity, experimental treatment or similar exclusion or limit.  29 C.F.R. §2560.503-1(g).

51.     Horizon indiscriminately denied payment and substantially underpaid for claims of the Horizon Insureds without valid excuse or justification in violation of ERISA for each of the Insureds listed below.

52.     Horizon made such claims determinations without valid evidence or information to substantiate such determinations and/or in an arbitrary fashion and did not provide a "full and fair review" of the denied or reduced reimbursement.

53.     Plaintiff duly submitted appeals to Horizon of the denial and underpayment of the Claims.  Horizon denied the appeals, and Horizon's treatment of Plaintiff's adverse benefits determinations were contrary to ERISA, applicable regulation and terms of applicable Horizon Plans.

54.     In summary, Horizon engaged in a wrongful and systematic denial of Claims

BE:11572619.1/GOT052-278598

submitted by Plaintiff seeking payment for medically necessary and Covered Services rendered to the Horizon Insureds.

**1.    Defendants Have Substantially Underpaid Plaintiff for the Treatment Provided to the Horizon Insureds**

55.    Horizon has wrongfully and substantially underpaid for claims without excuse or justification in violation of ERISA.

*Horizon Insured #1: L.A., Date of Service: 7/7/14, 8/1/14 and 1/21/15*

56.    On July 7, 2014 and August 1, 2014, Plaintiff rendered surgical services to Horizon Insured L.A. at Hackensack University Medical Center Hospital.  On January 21, 2015, Plaintiff rendered surgical services to L.A. at Manhattan Eye, Ear & Throat Hospital.

57.    L.A. was diagnosed with an open right ankle fracture and dislocation.  On July 7, 2014, Plaintiff performed and incision and debridement of the medial ankle wound and revision of a multiplanar external fixation previously placed during emergency surgery on June 26, 2014. On August 1, 2014, and Plaintiff removed the external fixator, performed an open reduction and internal fixation of the bimalleolar ankle and applied a short leg splint.  On January 21, 2015, the Plaintiff assisted in performing a right fibular osteotomy, bone graft, open reduction and internal fixation of the fibula, removal of hardware, open reduction and fixation of the medial malleolus, open reduction and internal fixation of the bimalleolar ankle fracture, deltoid ligament reconstruction and application of a splint.

58.    L.A. was insured under her husband's Horizon Direct Access Plan.

59.    L.A. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

60.    L.A. also appointed Plaintiff to serve as her agent, pursuant to an executed Power

of Attorney, in order to, on L.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.A. by Plaintiff.

61.    For the July 7, 2014 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $80,000.00.

62.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $5,060.00.

63.    For the August 1, 2014 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $298,500.00.

64.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $20,144.86.

65.    For the January 1, 2015, services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $100,000.00.

66.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $850.41.

67.    Plaintiff appealed the underpaid claims to Horizon pursuant to the Horizon Insured's insurance plan.

68.    Horizon rejected the appeals and improperly upheld the underpayment.

*Horizon Insured #2: J.P., Date of Service: 7/18/14*

69.    On July 18, 2014, Plaintiff rendered surgical services to Horizon Insured J.P. at Hoboken University Medical Center.

70.    J.P. was diagnosed with a right Achilles tendon rupture, and Plaintiff performed a right Achilles tendon repair and application of a splint.

-14-

71.     J.P. was insured under the Horizon Blue Card Plan through his employer, Deutsche Bank.

72.     J.P. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

73.     J.P. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.P.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.P. by Plaintiff.

74.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $55,500.00.

75.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,959.41.

76.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

77.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #3: T.C., Date of Service: 7/25/14*

78.     On July 25, 2014, Plaintiff rendered surgical services to Horizon Insured T.C. at Hackensack University Medical Center.

79.     T.C. was diagnosed with a crush injury to her right 4th finger with subungual hematoma, and Plaintiff performed a removal of the nail to the right 4th finger, debridement and placement of nail plate.

80.     T.C. was insured under the Horizon Blue Card Plan through her employer, Stop &

Shop.

81.     T.C. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

82.     T.C. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on T.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to T.C. by Plaintiff.

83.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $60,350.00.

84.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $458.59.

85.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

86.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #4: J.R., Date of Service: 8/5/14*

87.     On August 5, 2014, Plaintiff rendered surgical services to Horizon Insured J.R. at Hoboken University Medical Center.

88.     J.R. was diagnosed with left knee objective patellar instability, loose bodies and chondromalacia and Plaintiff performed a left knee diagnostic arthroscopy with chondroplasty of the patella, the trochlea and lateral plateau, chondral biopsy and limited synovectomy.

89.     J.R. was insured under the Horizon Plan through his employer, Diversified Companies.

90.     J.R. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

91.     J.R. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.R.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.R. by Plaintiff.

92.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $60,000.00.

93.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

94.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

95.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #5: E.J., Date of Service: 8/6/14*

96.     On August 6, 2014, Plaintiff rendered surgical services to Horizon Insured E.J. at Palisade Medical Center.

97.     E.J. was diagnosed with right knee major patellar instability with loose bodies, and Plaintiff performed a right knee diagnostic arthroscopy, loose body removal, chondroplasty of the medial femoral condyle, lateral femoral condyle, patella and trochlea and chondral biopsy.

98.     E.J. was insured under the Horizon Blue Card Plan through his employer, Lincoln Center.

99.     E.J. assigned his insurance benefits to Plaintiff, including the right to submit

-17-

insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

100.    E.J. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on E.J.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to E.J. by Plaintiff.

101.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $60,000.00.

102.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

103.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

104.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #6: M.G., Date of Service: 9/4/14*

105.    On September 9, 2014, Plaintiff rendered surgical services to Horizon Insured M.G. at Patient Care Associates, LLC.

106.    M.G. was diagnosed with a right clavicle fracture, and Plaintiff performed an open reduction and internal fixation of the right clavicle.

107.    M.G. was insured under the Horizon Blue Card Plan through his employer, Deutsche Bank.

108.    M.G. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

-18-

109.    M.G. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.G. by Plaintiff.

110.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $72,000.00.

111.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,983.55.

112.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

113.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #7: B.M., Date of Service: 9/9/14*

114.    On September 9, 2014, Plaintiff rendered surgical services to Horizon Insured B.M. at Hackensack University Medical Center.

115.    B.M. was diagnosed with a left median nerve laceration at the wrist, left index finger flexor digitorum superficialis laceration at the wrist and left middle finger flexor digitorum superficialis laceration of the wrist, and Plaintiff performed a repair of the left median nerve at the wrist using an allograft and repair of left index finger flexor digitorum superficialis tendon.

116.    B.M. was insured under the Horizon Plan through his employer, the Bernards' Board of Education.

117.    B.M. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

118.    B.M. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on B.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to B.M. by Plaintiff.

119.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $147,500.00.

120.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $33,243.33.

121.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

122.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #8: K.H., Date of Service: 10/7/14 and 8/7/15*

123.    On October 7, 2014, Plaintiff rendered surgical services to Horizon Insured K.H. at Hoboken University Medical Center.  On August 7, 2015, Plaintiff rendered surgical services to K.H. at St. Barnabas Health Ambulatory Surgery Center.

124.    On October 7, 2014, K.H. was diagnosed with a right proximal humerus fracture and a right glenohumeral dislocation, and Plaintiff performed an open reduction and internal fixation of the three-part right proximal humerus fracture and an open reduction of the right glenohumeral dislocation.

125.    On August 7, 2015, K.H. was diagnosed with a right frozen shoulder, possible cuff tear and possible impingement, and Plaintiff performed an arthroscopic subacromial decompression, debridement of the glenohumeral joint, debridement of the capsule and debridement of the rotator cuff.

126.    K.H. was insured under the Horizon Empire Plan through her employer, Doria Baxter.

127.    K.H. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

128.    K.H. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on K.H.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to K.H. by Plaintiff.

129.    For the October 7, 2014 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $88,000.00.

130.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,758.47.

131.    For the August 7, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $100,000.00.

132.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,521.26.

133.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

134.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #9: T.E, Date of Service: 10/31/14*

135.    On October 31, 2014, Plaintiff rendered surgical services to Horizon Insured T.E. at Beth Israel Medical Center.

-21-

136.    T.E. was diagnosed with a left anterior cruciate ligament rupture with possible lateral meniscus tear, and Plaintiff performed a left anterior cruciate ligament reconstruction with tibalis anterior allograft and lateral meniscectomy.

137.    T.E. was insured under the Horizon Blue Card Plan through his employer, Barclays.

138.    T.E. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

139.    T.E. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on T.E.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to T.E. by Plaintiff.

140.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $120,000.00.

141.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,996.32.

142.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

143.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #10: L.G., Date of Service: 11/10/14*

144.    On November 10, 2014, Plaintiff rendered surgical services to Horizon Insured L.G. at Patient Care Associates, LLC.

145.    L.G. was diagnosed with a right distal radius fracture, and Plaintiff performed an open reduction and internal fixation of the right distal radius and application of splint.

BE:11572619.1/GOT052-278598

146.    L.G. was insured under the Horizon Blue Card Plan through her employer, the United Nations.

147.    L.G. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

148.    L.G. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on L.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.G. by Plaintiff.

149.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $47,500.00.

150.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,468.33.

151.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

152.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #11: J.A., Date of Service: 11/10/14*

153.    On November 10, 2014, Plaintiff rendered surgical services to Horizon Insured J.A. at Beth Israel Medical Center.

154.    J.A. was diagnosed with a displaced left scaphoid waist fracture, and Plaintiff performed an open reduction and internal fixation of the left scaphoid waist fracture.

155.    J.A. was insured under the Horizon Blue Card Plan through her employer, Time Out New York.

-23-

156.     J.A. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

157.     J.A. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on J.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.A. by Plaintiff.

158.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $58,500.00.

159.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $936.13.

160.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

161.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #12: J.S., Date of Service: 11/13/14, 12/26/14 and 3/9/15*

162.     On November 13, 2014 and December 26, 2014, Plaintiff rendered surgical services to Horizon Insured J.S. at Patient Care Associates, LLC.  On March 9, 2014, Plaintiff rendered additional surgical services to J.S. at Jersey City Medical Center

163.     J.S. was diagnosed with a left ACL tear and possible posterolateral corner injury, and on November 13, 2014, Plaintiff performed a left knee arthroscopic ACL reconstruction and bone patellar tendon bone autograft.  On December 26, 2014, Plaintiff performed a left knee wound revision to address a left knee suture granuloma and wound dehiscence. On March 9, 2015, Plaintiff performed incision and debridement of the left knee, revision of the scare and

-24-

implementation of antibiotic beads to address a wound infection.

164.    J.S. was insured under the Horizon Blue Card Plan through his mother's employer, Jersey City Medical Center.

165.    J.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

166.    J.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.S. by Plaintiff.

167.    On November 13, 2014, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $113,000.00.

168.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,038.52.

169.    On December 26, 2014, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $48,000.00.

170.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $602.54.

171.    On March 9, 2015, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $40,000.00.

172.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

173.    Plaintiff appealed the underpaid claims to Horizon pursuant to the Horizon

Insured's insurance plan.

174.    Horizon rejected the appeals and improperly upheld the underpayment.

*Horizon Insured #13: D.P., Date of Service: 11/25/14*

175.    On November 25, 2014, Plaintiff rendered surgical services to Horizon Insured D.P. at Patient Care Associates, LLC.

176.    D.P. was diagnosed with a right knee Hoffa fat pad impingement, and Plaintiff performed a right knee arthroscopy and Hoffa fat pad impingement debridement.

177.    D.P. was insured under the Horizon Blue Card Plan through her employer, Amazon.

178.    D.P. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

179.    D.P. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on D.P.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.P. by Plaintiff.

180.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $50,000.00.

181.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $945.02.

182.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

183.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #14: E.A., Date of Service: 11/28/14*

184.    On November 28, 2014, Plaintiff rendered surgical services to Horizon Insured E.A. at Hackensack University Medical Center.

185.    E.A. was diagnosed with a left knee tibial eminence fracture, and Plaintiff performed a left knee arthroscopic tibial eminence fracture repair and medical meniscus debridement.

186.    E.A. was insured under the Horizon Plan through his employer, Atlantic Casting.

187.    E.A. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

188.    E.A. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on E.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to E.A. by Plaintiff.

189.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $80,000.00.

190.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,268.35.

191.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

192.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #15: M.D., Date of Service: 12/5/14*

193.    On December 5, 2014, Plaintiff rendered surgical services to Horizon Insured M.D.

at Patient Care Associates, LLC.

194.    M.D. was diagnosed with a right ring finger trigger finger, and Plaintiff performed a release of the right ring finger A1 pulley.

195.    M.D. was insured under the Horizon Blue Card Plan through her employer.

196.    M.D. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

197.    M.D. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on M.D.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.D. by Plaintiff.

198.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $50,500.00.

199.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $558.07.

200.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

201.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #16: L.R., Date of Service: 12/17/14*

202.    On December 17, 2014, Plaintiff rendered surgical services to Horizon Insured L.R. at Patient Care Associates, LLC.

203.    L.R. was diagnosed with right carpal tunnel syndrome, and Plaintiff performed a right endoscopic carpal tunnel release.

BE:11572619.1/GOT052-278598

204.    L.R. was insured under the Horizon Blue Card Plan through her employer, NJ Transit.

205.    L.R. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

206.    L.R. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on L.R.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.R. by Plaintiff.

207.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $47,410.00.

208.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,590.00.

209.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

210.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #17: M.Z., Date of Service: 12/24/14*

211.    On December 24, 2014, Plaintiff rendered surgical services to Horizon Insured M.Z. at Patient Care Associates, LLC.

212.    M.Z. was diagnosed with a contracture of the right hand 4th and 5th metacarpophalangeal joint and right-hand stiffness, and Plaintiff performed a tenolysis of extensor digitorum communis to the 4th and 5th digits of the right hand, capsulotomy and contracture release of right 4th and 5th metacarpophalangeal joints and manipulation under anesthesia of right 4th and

BE:11572619.1/GOT052-278598

5th metacarpophalangeal joints.

213.    M.Z. was insured under the Horizon Plan through his employer, All Seasons Moving

214.    M.Z. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

215.    M.Z. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.Z.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.Z. by Plaintiff.

216.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $201,000.00.

217.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,881.37.

218.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

219.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #18: F.H., Date of Service: 12/29/14*

220.    On December 29, 2014, F.H. was admitted to the Christ Hospital emergency room after he fell of his bicycle and injured his arm.

221.    F.H. was insured through his Horizon Plan provided by his employer, Kmart.

222.    Upon being admitted to the emergency room, x-rays and examination revealed that F.H. had suffered from right knee osteoarthritis.

223.    Due to the severity of F.H.'s injuries, the emergency room physician referred F.H.

-30-

to Plaintiff to take over his care.

224.    Plaintiff provided continuous, emergent medically necessary care and a determination was made to proceed with surgery.

225.    On December 29, 2014, Plaintiff performed medically necessary surgery. Plaintiff performed a right knee total replacement.

226.    The treatment rendered was emergent and continuous medical care arising out of an emergency admission at an in-network facility as F.H. had no choice in selecting the medical provider.

227.    Horizon provided F.H. with coverage for emergency medical care, either expressly in the plan, or as required by operation of law, thus permitting Plaintiff to render treatment to F.H.

228.    Plaintiff submitted a claim to Horizon for the surgical services provided to F.H. in the amount of $135,000.00.

229.    Horizon drastically underpaid the claim for surgical services, allowing reimbursement in the amount of $1,047.99.

230.    After Plaintiff's claims for services provided to F.H. were underpaid, Plaintiff filed unsuccessful appeals of Horizon's gross underpayment, which appeals were rejected and the improper underpayment was upheld.

*Horizon Insured #19: A.W., Date of Service: 12/29/14*

231.    On October 3, 2014, Plaintiff rendered surgical services to Horizon Insured A.W. at Patient Care Associates, LLC.

232.    A.W. was diagnosed with a bucket handle rear of the right lateral meniscus and discoid meniscus, and Plaintiff performed a right knee arthroscopic saucerization and partial meniscectomy of the lateral meniscus and debridement of the medial plica band.

233.    A.W. was insured under her father's Horizon Plan through the IBEW Local 102 Welfare Fund.

234.    A.W. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

235.    A.W. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on A.W.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.W. by Plaintiff.

236.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $97,000.00.

237.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,771.47.

238.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

239.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #20: B.M., Date of Service: 12/31/14*

240.    On December 31, 2014, Plaintiff rendered surgical services to Horizon Insured B.M. at St. Luke's – Roosevelt Hospital.

241.    B.M. was diagnosed with left open humerus fracture, and Plaintiff performed a revision of the external fixation of the left humerus, open reduction of the left humerus, irrigation and debridement of bone and subcutaneous tissue, removal of antibiotics and delayed secondary wound closure of the left arm.

-32-

242.    B.M. was insured under the Horizon Blue Card Plan through his father's employer.

243.    B.M. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

244.    B.M. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on B.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to B.M. by Plaintiff.

245.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $100,000.00.

246.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

247.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

248.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #21: I.V., Date of Service: 2/3/15*

249.    On February 3, 2015, Plaintiff rendered surgical services to Horizon Insured I.V. at Hoboken University Medical Center.

250.    I.V. was diagnosed with a right thumb metacarpophalangeal joint ulnar collateral ligament tear with Stener lesion, and Plaintiff performed open repair of the right thumb metacarpophalangeal joint ulnar collateral ligament.

251.    I.V. was insured under the Horizon Blue Card Plan through her employer, Verizon Wireless.

252.    I.V. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

253.    I.V. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on I.V.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to I.V. by Plaintiff.

254.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $61,000.00.

255.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $6,486.10.

256.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

257.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #22: C.N., Date of Service: 2/5/15*

258.    On February 5, 2015, Plaintiff rendered surgical services to Horizon Insured C.N. at Christ Hospital.

259.    C.N. was diagnosed with a displaced right lateral malleolus fracture with medial mortise widening, and Plaintiff performed an open reduction and internal fixation of the lateral malleolus fracture.

260.    C.N. was insured under the Horizon Blue Cross of New Jersey Plan through his employer, Jersey City Police Department.

261.    C.N. assigned his insurance benefits to Plaintiff, including the right to submit

BE:11572619.1/GOT052-278598

insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

262.    C.N. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on C.N.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.N. by Plaintiff.

263.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $80,000.00.

264.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $7,757.14.

265.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

266.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #23: T.B., Date of Service: 2/6/15 and 10/31/16*

267.    On February 6, 2015, Plaintiff rendered surgical services to Horizon Insured T.B. at Clara Maas Medical Center.  On October 31, 2016, Plaintiff rendered surgical services to Horizon Insured T.B. at Patient Care Associates, LLC

268.    On February 6, 2015, T.B. was diagnosed with a right shoulder rotator cuff tear and impingement, and Plaintiff performed a right shoulder debridement of the humeral head, subacromial decompression and massive rotator cuff repair.  On October 31, 2016, T.B. was diagnosed with left shoulder impingement, biceps pathology and possible cuff tear, and Plaintiff performed a left shoulder arthroscopic subacromial decompression, extensive debridement that included the rotator cuff, the biceps tendon, the glenohumeral joint, the rotator cuff from the

-35-

articular side and from the bursal side.

269.    T.B. was insured under his wife's Horizon Direct Access Plan.

270.    T.B. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

271.    T.B. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on T.B.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to T.B. by Plaintiff.

272.    For the February 6, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $148,000.00.

273.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $44,695.82.

274.    For the October 31, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $101,000.00.

275.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $32,645.42.

276.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

277.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #24: M.S., Date of Service: 2/26/15*

278.    On February 26, 2015, Plaintiff rendered surgical services to Horizon Insured M.S. at Patient Care Associates, LLC.

279.     M.S. was diagnosed with right shoulder impingement and glenohumeral arthritis, and Plaintiff performed a right shoulder arthroscopic subacromial decompression, debridement of the rotator cuff, debridement of the glenohumeral joint and labral debridement.

280.     M.S. was insured under the Horizon Plan.

281.     M.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

282.     M.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.S. by Plaintiff.

283.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $69,000.00.

284.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $12,075.54.

285.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

286.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #25: P.M., Date of Service: 3/19/15*

287.     On March 19, 2015, Plaintiff rendered surgical services to Horizon Insured P.M. at Patient Care Associates, LLC.

288.     P.M. was diagnosed with a right ankle fracture involving the lateral malleolus and posterior malleolus and Plaintiff performed an open reduction and internal fixation of the right

ankle lateral malleolus and an examination of the stability of the right ankle with manipulation.

289.    P.M. was insured under the Horizon CDHP Plan through his employer, Deutsche Bank.

290.    P.M. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

291.    P.M. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on P.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to P.M. by Plaintiff.

292.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $172,500.00.

293.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,453.42.

294.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

295.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #26: E.R., Date of Service: 3/24/15*

296.    On March 24, 2015, Plaintiff rendered surgical services to Horizon Insured E.R. at St. Barnabas Health Ambulatory Surgery Center.

297.    E.R. was diagnosed with a right knee medial and lateral meniscus tear, and Plaintiff performed a right knee arthroscopy and partial later meniscectomy.

298.    E.R. was insured under the Horizon PPO Plan through his employer, Google.

299.    E.R. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

300.    E.R. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on E.R.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to E.R. by Plaintiff.

301.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $81,000.00.

302.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,485.40.

303.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

304.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #27: R.C., Date of Service: 4/17/15*

305.    On April 17, 2015, Plaintiff rendered surgical services to Horizon Insured R.C. at Hoboken University Medical Center.

306.    R.C. was diagnosed with a recurrent olecranon bursitis in the right elbow and osteophyte and calcified soft tissue in the right elbow, and Plaintiff performed a right elbow bursectomy.

307.    R.C. was insured under the Horizon Advantage Plan through his employer, Standard Coating.

308.    R.C. assigned his insurance benefits to Plaintiff, including the right to submit

-39-

insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

309.    R.C. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on R.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to R.C. by Plaintiff.

310.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $68,500.00.

311.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $28,764.66.

312.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

313.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #28: D.M., Date of Service: 4/20/15*

314.    On April 20, 2015, Plaintiff rendered surgical services to Horizon Insured D.M. at St. Barnabas Health Ambulatory Surgery Center.

315.    D.M. was diagnosed with a subacute right distal biceps tendon rupture, and Plaintiff performed a distal biceps repair with allograft.

316.    D.M. was insured under the Horizon Consumer Choice HRA Plan through his employer, FedEx.

317.    D.M. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

318.     D.M. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on D.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.M. by Plaintiff.

319.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $68,500.00.

320.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

321.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

322.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #29: J.R., Date of Service: 4/22/15*

323.     On April 22, 2015, Plaintiff rendered surgical services to Horizon Insured J.R. at Patient Care Associates, LLC.

324.     J.R. was diagnosed with a right scaphoid waist fracture, and Plaintiff performed an open reduction and internal fixation of the right scaphoid waist fracture.

325.     J.R. was insured under the Horizon Blue Card Plan through his employer, MLB Advance Media.

326.     J.R. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

327.     J.R. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.R.'s behalf, submit insurance claims for reimbursement payments,

exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.R. by Plaintiff.

328.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $58,500.00.

329.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,048.41.

330.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

331.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #30: W.D., Date of Service: 4/27/15*

332.    On April 27, 2015, Plaintiff rendered surgical services to Horizon Insured W.D. at Patient Care Associates, LLC.

333.    W.D. was diagnosed with right labral tear, and Plaintiff performed an arthroscopic SLAP repair with two anchors and debridement of the undersurface of the rotator cuff.

334.    W.D. was insured under the Horizon Direct Access Plan through his employer, PSEG.

335.    W.D. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

336.    W.D. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on W.D.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to W.D. by Plaintiff.

-42-

337.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $90,000.00.

338.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,375.70.

339.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

340.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #31: C.L., Date of Service: 4/29/15*

341.    On April 29, 2015, Plaintiff rendered surgical services to Horizon Insured C.L. at St. Barnabas Medical Center.

342.    C.L. was diagnosed with a right acute rotator cuff tear, and Plaintiff performed a right shoulder arthroscopy and arthroscopic cuff repair.

343.    C.L. was insured under the Horizon Blue Edge Plan through his employer, USI.

344.    C.L. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

345.    C.L. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on C.L.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.L. by Plaintiff.

346.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $75,000.00.

347.    Horizon drastically underpaid the claim for the surgical services, allowing

-43-

reimbursement in the amount of $1,515.31.

348.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's

insurance plan.

349.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #32: J.O., Date of Service: 5/6/15*

350.    On May 6, 2015, Plaintiff rendered surgical services to Horizon Insured J.O. at

Liberty Ambulatory Surgery Center.

351.    J.O. was diagnosed with left cubital syndrome, and Plaintiff performed a left

endoscopic cubital tunnel release.

352.    J.O. was insured under the Horizon Blue Card Plan through his employer, the City

of Paterson.

353.    J.O. assigned his insurance benefits to Plaintiff, including the right to submit

insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue

administrative and judicial appeal of claims.

354.    J.O. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of

Attorney, in order to, on J.O.'s behalf, submit insurance claims for reimbursement payments,

exercise appeals of claims, and file suit against his health insurance carrier for claims relating to

reimbursement payments for medical services rendered to J.O. by Plaintiff.

355.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon

Insured in the amount of $61,000.00.

356.    Horizon drastically underpaid the claim for the surgical services, allowing

reimbursement in the amount of $5,566.92.

357.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's

insurance plan.

358.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #33: A.B., Date of Service: 5/6/15*

359.    On May 6, 2015, Plaintiff rendered surgical services to Horizon Insured A.B. at Liberty Ambulatory Surgery Center.

360.    A.B. was diagnosed with a left thumb cyst, and Plaintiff removed the cyst, irrigated the wound and closed it with a Monocryl suture.

361.    A.B. was insured under the Horizon Blue Card PPO Plan through his employer, McCarter & English.

362.    A.B. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

363.    A.B. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on A.B.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.B. by Plaintiff.

364.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $50,000.00.

365.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,381.40.

366.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

367.    Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #34: N.S., Date of Service: 5/28/15*

368.   On May 28, 2015, Plaintiff rendered surgical services to Horizon Insured N.S. at Jersey City Medical Center.

369.   N.S. was diagnosed with symptomatic hardware in the right femur, and Plaintiff performed removal of a bone flap hardware from the right femur, debridement of the right femur using a reamer-irrigator aspirator and inject of local anesthetic.

370.   N.S. was insured under the Horizon Empire Well Choice Plan through the Excavators Union Local 731 Welfare Plan.

371.   N.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

372.   N.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on N.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to N.S. by Plaintiff.

373.   Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $70,000.00.

374.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,392.35.

375.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

376.   Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #35: C.S., Date of Service: 5/29/15*

377.     On May 29, 2015, Plaintiff rendered surgical services to Horizon Insured C.S. at Liberty Ambulatory Surgery Center.

378.     C.S. was diagnosed with a left scaphoid waist fracture, and Plaintiff performed an open reduction and internal fixation of the left scaphoid using a headless compression screw.

379.     C.S. was insured under the Horizon Blue Card Plan.

380.     C.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

381.     C.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on C.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.S. by Plaintiff.

382.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $57,500.00.

383.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $801.98.

384.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

385.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #36: O.C., Date of Service: 6/17/15*

386.     On June 17, 2015, Plaintiff rendered surgical services to Horizon Insured O.C. at Patient Care Associates, LLC.

387.    O.C. was diagnosed with a right Achilles tendon rupture, and Plaintiff performed an open right Achilles tendon rupture repair.

388.    O.C. was insured under his wife's Horizon Plan.

389.    O.C. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

390.    O.C. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on O.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to O.C. by Plaintiff.

391.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $77,500.00.

392.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,033.89.

393.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

394.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #37: A.S., Date of Service: 7/15/15 and 8/20/15*

395.    On July 15, 2015 and August 20, 2015, Plaintiff rendered surgical services to Horizon Insured A.S. at Liberty Ambulatory Surgery Center.

396.    A.S. was diagnosed with Salter-II fracture of the left distal radius, and on July 15, 2015, Plaintiff performed closed reduction and percutaneous pinning of the left distal radius.  On August 20, 2015, Plaintiff performed a removal of the implant placed during left distal radius

-48-

procedure

397.    A.S. was insured under the Horizon Plan through the Local 2013 Health & Welfare Fund.

398.    A.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

399.    A.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on A.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.S. by Plaintiff.

400.    For the July 15, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $49,525.00.

401.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $881.00.

402.    For the August 20, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $47,500.00.

403.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $528.17.

404.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

405.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #38: J.F., Date of Service: 7/6/15 and 12/15/15*

406.    On July 6, 2015 and December 15, 2015, Plaintiff rendered surgical services to

-49-

Horizon Insured J.F. at Liberty Ambulatory Surgery Center.

407.    On July 6, 2015, J.F. was diagnosed with an avulsion of the left ring finger and flexor digitorum profundus tendon off of the distal phalanx, and Plaintiff performed a repair of the left ring finger flexor digitorum profundus avulsion.  On December 15, 2015, J.F. was diagnosed with stiffness and contracture in the left ring finger, and Plaintiff performed tenolysis and imbrication of the left ring finger flexor digitorum profundus tendon and tenolysis of the left ring finger flexor digitorum superficialis tendon.

408.    J.F. was insured under the Horizon Plan.

409.    J.F. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

410.    J.F. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on J.F.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.F. by Plaintiff.

411.    For the July 6, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $45,600.00.

412.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,041.32.

413.    For the December 15, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $11,000.00.

414.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $114.21.

415.     Plaintiff appealed the underpaid claims to Horizon pursuant to the Horizon Insured's insurance plan.

416.     Horizon rejected the appeals and improperly upheld the underpayment.

*Horizon Insured #39: P.P., Date of Service: 7/7/15*

417.     On July 7, 2015, Plaintiff rendered surgical services to Horizon Insured P.P. at Liberty Ambulatory Surgery Center.

418.     P.P. was diagnosed with a left extraarticular distal radius fracture, and Plaintiff performed an open reduction and internal fixation of the left extraarticular distal radius fracture.

419.     P.P. was insured under the Horizon Plan through her employer, Sotheby's International Real Estate.

420.     P.P. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

421.     P.P. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on P.P.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to P.P. by Plaintiff.

422.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $78,500.00.

423.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,595.24.

424.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

-51-

425. Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #40: L.B., Date of Service: 7/8/15, 11/6/15, 2/1/16, 12/14/16 and 2/24/17*

426. On July 8, 2015, Plaintiff rendered surgical services to Horizon Insured L.B. at Liberty Ambulatory Surgery Center. On November 6, 2015, Plaintiff rendered surgical services to L.B. at St. Barnabas Medical Center. On February 1, 2016, Plaintiff rendered surgical services to L.B. at St. Barnabas Health Ambulatory Medical Center. On December 14, 2016, Plaintiff rendered surgical services to L.B. at Hudson Crossing Surgery Center. On February 24, 2017, Plaintiff rendered surgical services to L.B. at St. Barnabas Medical Center.

427. On July 8, 2015, L.B. was diagnosed with a right knee meniscus tear with possible chondromalacia, and Plaintiff performed a right knee arthroscopy, medial meniscectomy and trochlear chondroplasty. On November 6, 2015, L.B. was diagnosed with a right knee patellofemoral chondromalacia, and Plaintiff performed a right knee patellofemoral resurfacing. On February 1, 2016, L.B. Plaintiff performed a right knee arthroscopy, lateral release and excision of lateral plica. On November 6, 2015, L.B. was diagnosed with a right knee patellofemoral chondromalacia, and Plaintiff performed a right knee patellofemoral resurfacing. On December 14, 2016, Plaintiff performed another right knee arthroscopy, debridement of half of the fat pad and synovial debridement. On February 24, 2017, Plaintiff performed a removal of hardware from the right knee and revision of the right total knee replacement.

428. L.B. was insured under the Horizon Plan through her employer, Mount Prospect Family Dentist.

429. L.B. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

430. L.B. also appointed Plaintiff to serve as her agent, pursuant to an executed Power

of Attorney, in order to, on L.B.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.B. by Plaintiff.

431.     For the July 8, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $69,000.00.

432.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $10,702.00.

433.     For the November 6, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $130,000.00.

434.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $16,599.00.

435.     For the February 1, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $130,000.00.

436.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $7,276.99.

437.     For the December 14, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $26,000.00

438.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $8,085.00.

439.     For the November 24, 2017 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $220,300.00.

440.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $15,150.50.

441.    Plaintiff appealed the underpaid claims to Horizon pursuant to the Horizon Insured's insurance plan.

442.    Horizon rejected the appeals and improperly upheld the underpayment.

*Horizon Insured #41: N.J., Date of Service: 7/8/15*

443.    On July 8, 2015, Plaintiff rendered surgical services to Horizon Insured N.J. at Patient Care Associates, LLC.

444.    N.J. was diagnosed with a right knee medial meniscus tear, and Plaintiff performed a right knee arthroscopy, medial meniscectomy and medial femoral condyle chondroplasty.

445.    N.J. was insured under the Horizon Direct Access Plan through his employer, Sal Electric.

446.    N.J. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

447.    N.J. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on N.J.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to N.J. by Plaintiff.

448.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $89,000.00.

449.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,977.65.

450.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

451.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #42: D.S., Date of Service: 7/23/15*

452.   On July 23, 2015, Plaintiff rendered surgical services to Horizon Insured D.S. at Liberty Ambulatory Surgery Center.

453.   D.S. was diagnosed with right lateral epicondylitis, and Plaintiff performed a right lateral epicondylar release with excision and debridement of extensor carpi radialis brevis origin and lateral epicondyle.

454.   D.S. was insured under the Horizon Plan through his employer, Instrumentation Laboratory.

455.   D.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

456.   D.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on D.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.S. by Plaintiff.

457.   Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $51,000.00.

458.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $831.00.

459.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

460.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #43: R.L., Date of Service: 8/4/15*

461.     On August 4, 2015, Plaintiff rendered surgical services to Horizon Insured R.L. at Palisade Medical Center.

462.     R.L. was diagnosed with a left displaced intertrochanteric hip fracture, and Plaintiff performed a closed reduction and cephalomedullary nailing of the left intertrochanteric hip fracture.

463.     R.L. was insured under the Horizon Plan.

464.     R.L. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

465.     R.L. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on R.L.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to R.L. by Plaintiff.

466.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $55,000.00.

467.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $12,054.06.

468.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

469.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #44: A.B., Date of Service: 8/14/15*

470.     On August 14, 2015, Plaintiff rendered surgical services to Horizon Insured A.B.

at Liberty Ambulatory Surgery Center.

471.    A.B. was diagnosed with symptomatic hardware on his right proximal tibia, and Plaintiff performed removed of the deep implant from the right proximal tibia.

472.    A.B. was insured under the Horizon Anthem Plan through his employer, Barclays.

473.    A.B. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

474.    A.B. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on A.B.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.B. by Plaintiff.

475.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $51,300.00.

476.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,523.96.

477.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

478.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #45: S.C., Date of Service: 8/31/15*

479.    On August 31, 2015, Plaintiff rendered surgical services to Horizon Insured S.C. at Patient Care Associates, LLC.

480.    S.C. was diagnosed with a right knee anterior cruciate ligament tear and a medial meniscus tear, and Plaintiff performed right knee arthroscopic anterior cruciate ligament

reconstruction with bone-patellar tendon-bone autograft, arthroscopic medial and lateral meniscal repairs and plastics closure.

481.   S.C. was insured under the Horizon Plan through his employer, Merck Pharmaceuticals

482.   S.C. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

483.   S.C. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on S.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to S.C. by Plaintiff.

484.   Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $171,000.00.

485.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $37,658.06.

486.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

487.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #46: A.E., Date of Service: 9/18/15*

488.   On September 18, 2015, Plaintiff rendered surgical services to Horizon Insured A.E. at St. Barnabas Medical Center.

489.   A.E. was diagnosed with right bimalleolar that is lateral malleolus comminuted and mildly displaced posterior malleolus fracture and Plaintiff performed an open reduction and

internal fixation of a right comminuted lateral malleolus fracture with 3 or more fragments and a closed reduction of a posterior malleolus fracture, which did not require fixation.

490.    A.E. was insured under the Horizon Blue of California Platinum 90 Plan.

491.    A.E. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

492.    A.E. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on A.E.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.E. by Plaintiff.

493.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $57,500.00.

494.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $786.56.

495.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

496.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #47: D.W., Date of Service: 9/18/15*

497.    On September 18, 2015, Plaintiff rendered surgical services to Horizon Insured D.W. at Patient Care Associates, LLC.

498.    D.W. was diagnosed with a displaced, comminuted intraarticular distal radius fracture with two or more fragments, and Plaintiff performed open reduction and internal fixation of a left displaced intraarticular distal radius fracture.

-59-

499.    D.W. was insured under the Horizon Anthem Plan through his employer, Bloomberg LP.

500.    D.W. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

501.    D.W. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on D.W.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.W. by Plaintiff.

502.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $57,500.00.

503.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,787.05.

504.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

505.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #48: F.B., Date of Service: 9/15/15*

506.    On September 15, 2015, Plaintiff rendered surgical services to Horizon Insured F.B. at Beth Israel Medical Center.

507.    F.B. was diagnosed with a right shoulder supraspinatus tear, partial thickness subscapularis tear and medially subluxed unstable long head biceps tendon, and Plaintiff performed a right shoulder arthroscopic massive rotator cuff repair including the supraspinatus anterior half of the anterior infraspinatus and superior portion of the subscapularis with a

BE:11572619.1/GOT052-278598

subacromial decompression, limited debridement and open subpectoral long head biceps tenodesis.

508.    F.B. was insured under the Horizon Empire Direct POS Plan through her employer.

509.    F.B. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

510.    F.B. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on F.B.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to F.B. by Plaintiff.

511.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $75,000.00.

512.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

513.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

514.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #49: G.E., Date of Service: 9/25/15*

515.    On September 25, 2015, Plaintiff rendered surgical services to Horizon Insured G.E. at St. Barnabas Medical Center.

516.    G.E. was diagnosed with a right shoulder rotator cuff tear, and Plaintiff performed a right shoulder arthroscopic rotator cuff repair, arthroscopic distal clavicle excision, subacromial decompression and open biceps tenodesis.

517.    G.E. was insured under the Horizon Direct Access Plan through his employer, PSEG.

518.    G.E. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

519.    G.E. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on G.E.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to G.E. by Plaintiff.

520.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $168,000.00.

521.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $3,686.58.

522.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

523.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #50: V.F., Date of Service: 9/28/15*

524.    On September 28, 2015, Plaintiff rendered surgical services to Horizon Insured V.F. at Liberty Ambulatory Surgery Center.

525.    V.F. was diagnosed with a left hand dorsal foreign body over the fourth metacarpal, and Plaintiff performed an irrigation and debridement and foreign body removal from the left hand.

526.    V.F. was insured under the Horizon Empire Plan through her employer, the United Nations

-62-

527. V.F. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

528. V.F. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on V.F.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to V.F. by Plaintiff.

529. Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $40,500.00.

530. Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,259.60.

531. Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

532. Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #51: M.M., Date of Service: 9/22/15*

533. On September 22, 2015, Plaintiff rendered surgical services to Horizon Insured M.M. at St. Barnabas Health Ambulatory Surgery Center.

534. M.M. was diagnosed with a right shoulder posterior labral tear and posterior instability with glenoid labral articular defect, and Plaintiff performed a right shoulder arthroscopic posteroinferior, posterior and posterosuperior labral repair with chondroplasty of the glenoid.

535. M.M. was insured under the Horizon Direct Access Plan through his employer, PSEG.

536. M.M. assigned his insurance benefits to Plaintiff, including the right to submit

BE:11572619.1/GOT052-278598

insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

537.    M.M. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.M. by Plaintiff.

538.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $25,000.00.

539.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00

540.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

541.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #52: M.F., Date of Service: 10/5/15, 1/20/16 and 4/27/16*

542.    On October 5, 2015, January 20, 2016 and April 27, 2016, Plaintiff rendered surgical services to Horizon Insured M.F. at Liberty Ambulatory Surgery Center.

543.    M.F. was diagnosed with left scaphoid waist nonunion and left radial carpal arthritis, and on October 5, 2015, Plaintiff performed an open reduction and internal fixation of the left scaphoid nonunion with autograft from the left distal radius, left radial styloidectomy and left wrist arthroscopy with debridement. On January 20, 2016, Plaintiff performed a removal of the deep implant from the left scaphoid. On April 27, 2016, M.F. was diagnosed with a left scaphoid nonunion advance collapse, and Plaintiff performed a left scaphoid excision and four-corner fusion.

-64-

544.    M.F. was insured under the Horizon Plan through his employer, Medtronic, Inc.

545.    M.F. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

546.    M.F. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.F.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.F. by Plaintiff.

547.    For the October 5, 2015 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $61,000.00.

548.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $895.90.

549.    For the January 20, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $40,000.00.

550.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,125.82.

551.    For the April 27, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $137,500.00.

552.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $7,000.15.

553.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

554.    Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #53: G.F., Date of Service: 10/8/15*

555.　On October 8, 2015, Plaintiff rendered surgical services to Horizon Insured G.F. at Liberty Ambulatory Surgery Center.

556.　G.F. was diagnosed with a right fifth metacarpal base fracture dislocation, and Plaintiff performed an open reduction and internal fixation of the right fifth metacarpal base.

557.　G.F. was insured under the Horizon Empire Plan through his employer, MTA-NYC Transit.

558.　G.F. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

559.　G.F. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on G.F.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to G.F. by Plaintiff.

560.　Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $60,000.00.

561.　Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,703.74.

562.　Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

563.　Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #54: D.V., Date of Service: 10/26/15*

564.　On October 26, 2015, Plaintiff rendered surgical services to Horizon Insured D.V.

at Patient Care Associates, LLC.

565.    D.V. was diagnosed with a left anterior cruciate ligament and medial and lateral meniscus tears, and Plaintiff performed a left knee anterior cruciate ligament reconstruction with Achilles allograft, partial medial and lateral arthroscopic meniscectomies.

566.    D.V. was insured under the Horizon Blue Card Plan through his employer, For Sure Trucking.

567.    D.V. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

568.    D.V. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on D.V.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.V. by Plaintiff.

569.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $148,000.00.

570.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

571.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

572.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #55: A.M., Date of Service: 10/29/15*

573.    On October 29, 2015, Plaintiff rendered surgical services to Horizon Insured A.M. at Pleasantdale Ambulatory Care.

574.    A.M. was diagnosed with a left knee posterior horn of the medial meniscus tear, and Plaintiff performed a left hip total replacement through the direct anterior approach.

575.    A.M. was insured under the Horizon Blue Card Plan through his employer, Molecular Templates.

576.    A.M. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

577.    A.M. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on A.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.M. by Plaintiff.

578.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $41,000.00.

579.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $656.86.

580.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

581.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #56: M.R., Date of Service: 10/29/15*

582.    On October 29, 2015, Plaintiff rendered surgical services to Horizon Insured M.R. at Liberty Ambulatory Surgery Center.

583.    M.R. was diagnosed with a right knee anterior fat pad impingement, and Plaintiff performed a right knee arthroscopic fad pad debridement and right knee partial medial

meniscectomy.

584.     M.R. was insured under the Horizon Direct Access Plan through his employer, Jersey City Police Department.

585.     M.R. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

586.     M.R. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.R.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.R. by Plaintiff.

587.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $116,000.00.

588.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $29,444.00.

589.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

590.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #57: D.A., Date of Service: 11/6/15*

591.     On November 6, 2015, Plaintiff rendered surgical services to Horizon Insured D.A. at St. Barnabas Medical Center.

592.     D.A. was diagnosed with a left foot 2nd and 3rd displaced distal metatarsal fractures, and Plaintiff performed an open reduction and internal fixation of the displaced distal left foot metatarsal fractures #2 and #3.

593.    D.A. was insured under the Horizon Empire Plan through his employer, UNICEF.

594.    D.A. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

595.    D.A. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on D.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.A. by Plaintiff.

596.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $108,500.00.

597.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,4043.25.

598.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

599.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #58: R.C., Date of Service: 11/23/15*

600.    On November 23, 2015, Plaintiff rendered surgical services to Horizon Insured R.C. at Patient Care Associates, LLC.

601.    R.C. was diagnosed with a right anterior cruciate ligament tear, and Plaintiff performed a right anterior cruciate ligament reconstruction with autograft.

602.    R.C. was insured under the Horizon NJ Direct Plan through his employer, Kuehne + Nagel, Inc.

603.    R.C. assigned his insurance benefits to Plaintiff, including the right to submit

-70-

insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

604.    R.C. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on R.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to R.C. by Plaintiff.

605.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $111,000.00.

606.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $27,657.74.

607.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

608.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #59: J.K., Date of Service: 12/11/15*

609.    On December 11, 2015, Plaintiff rendered surgical services to Horizon Insured J.K. at St. Barnabas Medical Center.

610.    J.K. was diagnosed with a right shoulder rotator cuff tear, and Plaintiff performed a right shoulder arthroscopy, arthroscopic rotator cuff repair, subacromial decompression and distal clavicle excision.

611.    J.K. was insured under the Horizon Direct Access Plan through her employer, West Orange Board of Education

612.    J.K. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue

administrative and judicial appeal of claims.

613.    J.K. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on J.K.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.K. by Plaintiff.

614.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $168,000.00.

615.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $34,239.44.

616.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

617.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #60: L.G., Date of Service: 12/23/15*

618.    On December 23, 2015, Plaintiff rendered surgical services to Horizon Insured L.G. at Pleasantdale Ambulatory Care.

619.    L.G. was diagnosed with right carpel tunnel syndrome, and Plaintiff performed an endoscopic right carpal tunnel release.

620.    L.G. was insured under the Horizon Direct Access Plan through her employer, All Saints Catholic Academy.

621.    L.G. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

622.    L.G. also appointed Plaintiff to serve as her agent, pursuant to an executed Power

of Attorney, in order to, on L.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.G. by Plaintiff.

623.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $51,000.00.

624.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $13,607.50.

625.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

626.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #61: J.L., Date of Service: 1/8/2016 and 6/1/16*

627.    On January 8, 2016, Plaintiff rendered surgical services to Horizon Insured J.L. at Clara Maas Medical Center.  On June 1, 2016, Plaintiff rendered surgical services to J.L. at Liberty Ambulatory Surgery Center.

628.    On January 8, 2016, J.L. was diagnosed with a right trimalleolar ankle fracture, and Plaintiff performed an open reduction and internal fixation of the right medial malleolus fracture. On June 1, 2016, Plaintiff removed the syndesmotic hardware from the right ankle.

629.    J.L. was insured under the Horizon Blue Card Plan through his employer, BBDO NY.

630.    J.L. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

631.    J.L. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of

BE:11572619.1/GOT052-278598

Attorney, in order to, on J.L.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.L. by Plaintiff.

632.     For the January 8, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $77,500.00.

633.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,215.00.

634.     For the June 1, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $25,055.25.

635.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $7,630.81.

636.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

637.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #62: S.S., Date of Service: 1/12/16*

638.     On January 12, 2016, Plaintiff rendered surgical services to Horizon Insured S.S. at St. Barnabas Health Ambulatory Surgery Center.

639.     S.S. was diagnosed with a right Achilles tendon tear, and Plaintiff performed a right open Achilles repair with application of a short leg splint.

640.     S.S. was insured under the Horizon Blue Card Plan through his employer, Utiliquest.

641.     S.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue

BE:11572619.1/GOT052-278598

administrative and judicial appeal of claims.

642.    S.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on S.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to S.S. by Plaintiff.

643.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $25,000.00.

644.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $123.69.

645.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

646.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #63: V.F., Date of Service: 1/15/16, 2/9/16 and 2/26/16.*

647.    On January 15, 2016, February 9, 2016 and February 26, 2016, Plaintiff rendered surgical services to Horizon Insured V.F. at St. Barnabas Medical Center.

648.    On January 15, 2016, V.F. was diagnosed with end stage right hip osteoarthritis, and Plaintiff performed a right hip total replacement through the direct anterior approach.  On February 9, 2016, V.F. was diagnosed with right anterior hip wound dehiscence, and Plaintiff performed an irrigation and debridement and a complex would closure of the right dehisced anterior hip wound.  On February 26, 2016, V.F was diagnosed with a periprosthetic right hip fracture, and Plaintiff performed a revision of the right total hip replacement with long-stem prosthesis and cerclage cables.

649.    V.F. was insured under the Horizon Direct Access Plan through her employer, St.

Peter's University.

650.    V.F. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

651.    V.F. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on V.F.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to V.F. by Plaintiff.

652.    For the January 15, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $181,000.00.

653.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,537.40.

654.    For the February 9, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $40,000.00.

655.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $15,000.00.

656.    For the February 26, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $125,000.00.

657.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $13,442.34.

658.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

659.    Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #64: D.W., Date of Service: 2/1/16*

660.    On February 6, 2016, Plaintiff rendered surgical services to Horizon Insured D.W. at St. Barnabas Medical Center.

661.    D.W. was examined the status of an open fracture of the right tibia, diagnosed soft tissue necrosis in the right leg, examined the status of the open reduction and internal fixation of a right femur fracture and diagnosed D.W. paraplegic and Plaintiff performed an exploration of the posterior compartment of the right leg removal of a deep implant from the right femur and an above knee amputation of the right leg with primary closure.

662.    D.W. was insured under the Horizon Anthem Plan.

663.    D.W. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

664.    D.W. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on D.W.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to D.W. by Plaintiff.

665.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $120,000.00.

666.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $630.72.

667.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

668.    Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #65: A.K., Date of Service: 2/1/16*

669.     On February 1, 2016, Plaintiff rendered surgical services to Horizon Insured A.K. at St. Barnabas Health Ambulatory Surgery Center.

670.     A.K. was diagnosed with a left anterior cruciate ligament tear and Plaintiff performed a left knee arthroscopically assisted anterior cruciate ligament reconstruction with allograft and partial lateral meniscectomy and later meniscus debridement.

671.     A.K. was insured under the Horizon Blue of California Plan through her employer, Mutual Trading Co. Group.

672.     A.K. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

673.     A.K. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on A.K.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.K. by Plaintiff.

674.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $148,000.00.

675.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,146.37.

676.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

677.     Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #66: V.D., Date of Service: 2/22/16*

678.    On February 22, 2016, Plaintiff rendered surgical services to Horizon Insured V.D. at Patient Care Associates, LLC.

679.    V.D. was diagnosed with a right Achilles tendon rupture, and Plaintiff performed a right Achilles tendon rupture repair.

680.    V.D. was insured under the Horizon Empire Plan through his employer, Mattel, Inc.

681.    V.D. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

682.    V.D. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on V.D.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to V.D. by Plaintiff.

683.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $67,500.00.

684.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,589.21.

685.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

686.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #67: M.C., Date of Service: 3/8/16*

687.    On March 8, 2016, Plaintiff rendered surgical services to Horizon Insured M.C. at

BE:11572619.1/GOT052-278598

St. Barnabas Health Ambulatory Surgery Center.

688.    M.C. was diagnosed with a right shoulder supraspinatus and infraspinatus full-thickness rotator cuff tear, subacromial decompression and acromioclavicular joint osteoarthritis, and Plaintiff performed a right shoulder arthroscopic rotator cuff repair, supraspinatus and partial infraspinatus repair with subacromial decompression and distal clavicle excision.

689.    M.C. was insured under the Horizon Open Access Plan through her employer, Crest Hotel.

690.    M.C. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

691.    M.C. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on M.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.C. by Plaintiff.

692.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $74,000.00.

693.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $321.81.

694.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

695.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #68: J.A., Date of Service: 3/17/16*

696.    On March 17, 2016, Plaintiff rendered surgical services to Horizon Insured J.A. at

Liberty Ambulatory Surgery Center.

697.    J.A. was diagnosed with a left triceps tendons tear and Plaintiff performed a repair of the left triceps tendon tear.

698.    J.A. was insured under the Horizon Direct Access Plan through his employer, Fields Construction Co.

699.    J.A. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

700.    J.A. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.A. by Plaintiff.

701.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $67,500.00.

702.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $7,950.72.

703.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

704.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #69: V.S., Date of Service: 3/25/16*

705.    On March 25, 2016, Plaintiff rendered surgical services to Horizon Insured V.S. at St. Barnabas Medical Center.

706.    V.S. was diagnosed with right hip osteoarthritis, and Plaintiff performed a right hip

replacement in anterior minimally invasive approach.

707. V.S. was insured under the Horizon Blue Edge Plan through her husband's employer.

708. V.S. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

709. V.S. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on V.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to V.S. by Plaintiff.

710. Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $180,000.00.

711. Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,255.47.

712. Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

713. Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #70: P.E., Date of Service: 4/1/16*

714. On April 1, 2016, Plaintiff rendered surgical services to Horizon Insured P.E. at Liberty Ambulatory Surgery Center.

715. P.E. was diagnosed with a right scapholunate tear, and Plaintiff performed right wrist arthroscopy, reconstruction of the right scapholunate ligament using reduction and association of the scaphoid and lunate and transfer of the right-hand extensor pollicis longus to the

-82-

extensor indicis proprius.

716.    P.E. was insured under the Horizon Direct Access Plan through his employer, Stevens Institute of Technology.

717.    P.E. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

718.    P.E. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on P.E.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to P.E. by Plaintiff.

719.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $168,500.00.

720.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,761.41.

721.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

722.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #71: C.C., Date of Service: 4/6/16 and 5/5/16*

723.    On April 6, 2016 and May 5, 2016, Plaintiff rendered surgical services to Horizon Insured C.C. at Liberty Ambulatory Surgery Center.

724.    On April 6, 2016, C.C. was diagnosed with right carpal tunnels syndrome and right de Quervain's tenosynovitis, and Plaintiff performed a right endoscopic carpal tunnel release, right dorsal compartment release and steroid injection of the right carpal tunnel and right first dorsal

-83-

compartment. On May 5, 2016, C.C. was diagnosed with wound dehiscence on her right wrist, a Plaintiff performed irrigation and debridement and delayed primary wound closure on the right wrist.

725.   C.C. was insured under the Horizon Blue Card Plan through her husband's employer.

726.   C.C. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

727.   C.C. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on C.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.C. by Plaintiff.

728.   For the April 6, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $98,500.00.

729.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,321.75.

730.   For the May 5, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $61,900.00.

731.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,793.69.

732.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

733.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #72: J.R., Date of Service: 4/15/16*

734.    On April 15, 2016, Plaintiff rendered surgical services to Horizon Insured J.R. at St. Barnabas Health Ambulatory Surgery Center.

735.    J.R. was diagnosed with a right knee anterior medial meniscus tear, medial femoral condyle chondral injury, hypertrophied anterior Hoffa fat pad and operative loose body, and Plaintiff performed a right knee arthroscopy, debridement of anterior medial meniscus, debridement of hypertrophic anterior Hoffa fat pad and removal of loose body.

736.    J.R. was insured under the Horizon Direct Access Plan through her employer, Essex County Regional Educational Services Commission.

737.    J.R. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

738.    J.R. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on J.R.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.R. by Plaintiff.

739.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $129,000.00.

740.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $8,986.48.

741.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

742.    Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #73: T.D., Date of Service: 4/18/16*

743.    On April 18, 2016, Plaintiff rendered surgical services to Horizon Insured T.D. at St. Barnabas Health Ambulatory Surgery Center.

744.    T.D. was diagnosed with a left knee lateral meniscus tear with prior evidence of cyst following a workplace injury, and Plaintiff performed a left knee arthroscopy and debridement of hypertrophic anterior Hoffa fat pad.

745.    T.D. was insured under the Horizon Carefirst Plan through her employer, Keolis Rail Services.

746.    T.D. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

747.    T.D. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on T.D.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to T.D. by Plaintiff.

748.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $49,000.00.

749.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $901.06.

750.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

751.    Horizon rejected the appeal and improperly upheld the underpayment.

BE:11572619.1/GOT052-278598

*Horizon Insured #74: R.G., Date of Service: 4/20/16*

752.     On April 20, 2016, Plaintiff rendered surgical services to Horizon Insured R.G. at Liberty Ambulatory Surgery Center.

753.     R.G. was diagnosed with a mass on his right hand, and Plaintiff performed a needle biopsy of the mass on the right hand.

754.     R.G. was insured under the Horizon Traditional Plan through his employer, ShopRite of West Orange and the UFCW Local 464A Welfare Reimbursement Plan.

755.     R.G. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

756.     R.G. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on R.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to R.G. by Plaintiff.

757.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $70,000.00.

758.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $297.41.

759.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

760.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #75: N.K., Date of Service: 4/21/16, 8/17/16 and 10/12/16*

761.     On April 21, 2016, August 17, 2016 and October 12, 2016, Plaintiff rendered

surgical services to Horizon Insured N.K. at Liberty Ambulatory Surgery Center.

762.    On April 21, 2016, N.K. was diagnosed with a septic arthritis right ringer finger distal interphalangeal joint, and Plaintiff performed an arthrotomy and debridement of septic arthritis right ring finger distal interphalangeal joint. On August 17, 2016, N.K. was diagnosed with osteoarthritis of the right fourth finger distal interphalangeal joint, Plaintiff performed an arthrodesis of the right fourth finger distal interphalangeal joint.  On October 12, 2016, Plaintiff remove a deep implant from the right fourth digit distal interphalangeal joint.

763.    N.K. was insured under the Horizon Plan through her employer, Montclair Board of Education.

764.    N.K. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

765.    N.K. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on N.K.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to N.K. by Plaintiff.

766.    For the April 21, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $80,500.00.

767.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $6,121.76.

768.    For the August 17, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $46,340.00.

769.    Horizon drastically underpaid the claim for the surgical services, allowing

reimbursement in the amount of $2,977.00.

770.   For the October 12, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $40,000.00.

771.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,936.00

772.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

773.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #76: C.P., Date of Service: 4/27/16*

774.   On April 27, 2016, Plaintiff rendered surgical services to Horizon Insured C.P. at Liberty Ambulatory Surgery Center.

775.   C.P. was diagnosed with right carpal tunnel syndrome, and Plaintiff performed an endoscopic right carpal tunnel release.

776.   C.P. was insured under the Horizon Direct Access Plan through her employer, Paterson Board of Education.

777.   C.P. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

778.   C.P. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on C.P.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.P. by Plaintiff.

779.   Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon

Insured in the amount of $61,000.00.

780. Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $7,420.00.

781. Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

782. Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #77: L.O., Date of Service: 5/11/16*

783. On May 11, 2016, Plaintiff rendered surgical services to Horizon Insured L.O. at Liberty Ambulatory Surgery Center.

784. L.O. was diagnosed with loose bodies and contracture of the right elbow, and Plaintiff performed an arthrotomy, debridement and removal of loose bodies from the right elbow, contracture release and excision of heterotopic ossification of the right elbow and repair of ulnar collateral ligament in the right elbow.

785. L.O. was insured under the Horizon Direct Access Plan through his employer, Jersey City Fire Department.

786. L.O. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

787. L.O. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on L.O.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.O. by Plaintiff.

788. Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon

Insured in the amount of $100,000.00.

789.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $14,034.18.

790.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

791.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #78: A.L., Date of Service: 5/13/16*

792.    On May 13, 2016, Plaintiff rendered surgical services to Horizon Insured A.L. at St. Barnabas Medical Center.

793.    A.L. was diagnosed with right hip osteoarthritis, and Plaintiff performed a right hip total replacement through the anterior minimally invasive approach.

794.    A.L. was insured under the Horizon Direct Access Plan through her employer, the City of Jersey City.

795.    A.L. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

796.    A.L. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on A.L.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.L. by Plaintiff.

797.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of 180,000.00.

798.    Horizon drastically underpaid the claim for the surgical services, allowing

reimbursement in the amount of $30,240.00.

799.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

800.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #79: P.C., Date of Service: 5/23/16*

801.    On May 23, 2016, Plaintiff rendered surgical services to Horizon Insured P.C. at Liberty Ambulatory Surgery Center.

802.    P.C. was diagnosed with a right knee lateral subluxations of the patella with likely chondromalacia of patella along with hypertrophic anterior fat pad, and Plaintiff performed a right knee arthroscopy, anterior half of fad pad debridement and lateral release.

803.    P.C. was insured under the Horizon Direct Access Plan through her employer, Daughters of Israel Home.

804.    P.C. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

805.    P.C. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on P.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to P.C. by Plaintiff.

806.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $66,000.00.

807.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $0.00.

BE:11572619.1/GOT052-278598

808.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

809.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #80: S.A., Date of Service: 6/10/16 and 11/11/16*

810.    On June 6, 2016, Plaintiff rendered surgical services to Horizon Insured S.A. at Liberty Ambulatory Surgery Center.  On November 11, 2016, Plaintiff rendered surgical services to S.A. at St. Barnabas Medical Center.

811.    On June 6, 2016, S.A. was diagnosed with a left knee lateral meniscus tear and chondromalacia, and Plaintiff performed a left knee meniscus tear, medial meniscus tear, hypertrophied half of fat pad and grade IV chondromalacia lateral femoral condyle and posterior lateral tibial plateau.  On November 11, 2016, S.A. was diagnosed with left knee osteoarthritis, and Plaintiff performed a left knee total replacement.

812.    S.A. was insured under the Horizon Blue Card Plan through her employer, Caron Foundation.

813.    S.A. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

814.    S.A. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on S.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to S.A. by Plaintiff.

815.    For the June 10, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $48,000.00.

816.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $6,752.91.

817.    For the August 17, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $120,000.00.

818.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,030.75.

819.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

820.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #81: F.K., Date of Service: 6/20/16*

821.    On June 20, 2016, Plaintiff rendered surgical services to Horizon Insured F.K. at Liberty Ambulatory Surgery Center.

822.    F.K. was diagnosed with a left knee loose body, and Plaintiff performed a left knee arthroscopy, excision of loose body and debridement of small lateral meniscus tear.

823.    F.K. was insured under the Horizon Empire Plan through her employer, United Nations.

824.    F.K. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

825.    F.K. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on F.K.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to F.K. by Plaintiff.

-94-

826.   Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $49,000.00.

827.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,204.85.

828.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

829.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #82: J.A., Date of Service: 6/22/16*

830.   On June 22, 2016, Plaintiff rendered surgical services to Horizon Insured J.A. at Liberty Ambulatory Surgery Center.

831.   J.A. was diagnosed with an abscess on the right hand and laceration of the right fourth digit and extensor digitorum communis tendon, and Plaintiff performed an irrigation and debridement of the right-hand abscess and repair of the extensor digitorum tendon to the fourth digit.

832.   J.A. was insured under the Horizon Blue Card Plan through his employer, Time Warner.

833.   J.A. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

834.   J.A. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.A. by Plaintiff.

835.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $35,469.66.

836.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,933.62.

837.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

838.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #83: M.E., Date of Service: 7/14/16 and 11/28/16*

839.    On July 14, 2016 and November 28, 2016, Plaintiff rendered surgical services to Horizon Insured M.E. at Pleasantdale Ambulatory Care.

840.    On July 14, 2016, M.E. was diagnosed with a right anterior cruciate ligament tear, osteochondral fracture and medial facet of the patella, and Plaintiff performed right knee arthroscopy, removal of a loose body through a separate incision, open reduction and internal fixation of the osteochondral fracture and microfracture of the patella.  On November 28, 2016, Plaintiff performed a right anterior cruciate ligament reconstruction with bone patellar tendon bone autograft and chondroplasty of the patellofemoral compartment.

841.    M.E. was insured under the Horizon HRA Plan through his employer, Red Bull New York.

842.    M.E. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

843.    M.E. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on M.E.'s behalf, submit insurance claims for reimbursement payments,

exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to M.E. by Plaintiff.

844.    For the June 10, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $166,000.00.

845.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $4,684.49.

846.    For the August 17, 2016 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $115,000.00.

847.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,712.20.

848.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

849.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #84: L.W., Date of Service: 7/25/16*

850.    On July 25, 2016, Plaintiff rendered surgical services to Horizon Insured L.W. at Patient Care Associates, LLC.

851.    L.W. was diagnosed with a left shoulder reverse Bankart lesion, and Plaintiff performed a left shoulder arthroscopic posterior Bankart repair.

852.    L.W. was insured under the Horizon Direct Access Plan.

853.    L.W. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

854.    L.W. also appointed Plaintiff to serve as his agent, pursuant to an executed Power

of Attorney, in order to, on L.W.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.W. by Plaintiff.

855.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $50,000.00.

856.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $13,890.93.

857.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

858.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #85: J.B., Date of Service: 8/26/16*

859.    On August 26, 2016, Plaintiff rendered surgical services to Horizon Insured J.B. at St. Barnabas Medical Center.

860.    J.B. was diagnosed with a left knee chronic lateral patellar instability and chronic lateral patellofemoral retinacular ligament, and Plaintiff performed a left knee lateral release and medial patellofemoral ligament reconstruction.

861.    J.B. was insured under the Horizon Direct Access Plan through her employer, Blue Apron.

862.    J.B. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

863.    J.B. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on J.B.'s behalf, submit insurance claims for reimbursement payments,

exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.B. by Plaintiff.

864.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $75,000.00.

865.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,791.74.

866.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

867.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #86: J.S., Date of Service: 9/2/16*

868.     On September 2, 2016, Plaintiff rendered surgical services to Horizon Insured J.S. at St. Barnabas Medical Center.

869.     J.S. was diagnosed with right his avascular necrosis and Plaintiff performed a right hip total replacement through the anterior minimally invasive approach.

870.     J.S. was insured under the Horizon of Texas Plan through his employer, Buckeye Partners, LLC.

871.     J.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

872.     J.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.S. by Plaintiff.

-99-

873.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $115,960.80.

874.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,515.59.

875.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

876.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #87: E.C., Date of Service: 9/9/16*

877.     On September 9, 2016, Plaintiff rendered surgical services to Horizon Insured E.C. at Livingston Surgery Center.

878.     E.C. was diagnosed with a right knee lateral meniscus tear, and Plaintiff performed a left knee arthroscopy and lateral meniscectomy.

879.     E.C. was insured under the Horizon Blue Card Plan through his employer, Suez.

880.     E.C. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

881.     E.C. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on E.C.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to E.C. by Plaintiff.

882.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $36,546.68.

883.     Horizon drastically underpaid the claim for the surgical services, allowing

-100-

reimbursement in the amount of $1,059.42.

884.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

885.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #88: R.S., Date of Service: 9/29/16*

886.    On September 29, 2016, Plaintiff rendered surgical services to Horizon Insured R.S. at Hudson Crossing Surgery Center.

887.    R.S. was diagnosed with a left triceps tendon rupture, and Plaintiff performed a left triceps tendon repair.

888.    R.S. was insured under the Horizon Blue Edge Plan through his employer, Prince International.

889.    R.S. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

890.    R.S. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on R.S.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to R.S. by Plaintiff.

891.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $60,000.00.

892.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,370.06.

893.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's

insurance plan.

894. Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #89: J.G., Date of Service: 10/10/16*

895. On October 10, 2016, Plaintiff rendered surgical services to Horizon Insured J.G. at Hudson Crossing Surgery Center.

896. J.G. was diagnosed with a right knee medial meniscus tear, and Plaintiff performed a right knee arthroscopy and medial meniscectomy.

897. J.G. was insured under the Horizon Pro 90/70 Plan through his employer, Sunbright Services.

898. J.G. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

899. J.G. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on J.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.G. by Plaintiff.

900. Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $133,000.00.

901. Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $66,273.34.

902. Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

903. Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #90: B.G., Date of Service: 10/14/16*

904.    On October 3, 2014, Plaintiff rendered surgical services to Horizon Insured B.G. at Liberty Ambulatory Surgery Center.

905.    B.G. was diagnosed with a right ring finger flexor digitorum profundus laceration, zone II and a right ring finger flexor digitorum superficialis laceration, zone II, and Plaintiff performed a repair of the right ring finger flexor digitorum profundus tendon in zone II and six strand repair.

906.    B.G. was insured under the Horizon Plan through her father's, NH&W

907.    B.G. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

908.    B.G. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on B.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to B.G. by Plaintiff.

909.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $50,500.00.

910.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $14,037.82.

911.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

912.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #91: J.G., Date of Service: 11/21/16*

913.    On November 21, 2016, Plaintiff rendered surgical services to Horizon Insured J.G. at Patient Care Associates, LLC.

914.    J.G. was diagnosed with a right shoulder labral tear, and Plaintiff performed a right shoulder arthroscopy Bankart repair, debridement of a SLAP tear and removal of two loose bodies.

915.    J.G. was insured under the Horizon Plan.

916.    J.G. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

917.    J.G. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on J.G.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against her health insurance carrier for claims relating to reimbursement payments for medical services rendered to J.G. by Plaintiff.

918.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $130,000.00.

919.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,474.57.

920.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

921.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #92: C.W., Date of Service ("DOS"): 12/2/16*

922.    On December 2, 2016, Plaintiff rendered surgical services to Horizon Insured C.W. at St. Barnabas Medical Center.

923.    C.W. was diagnosed with end stage right knee osteoarthritis, and Plaintiff

performed a right total knee replacement.

924.    C.W. was insured under the Horizon DirectAccess Plan through her employer, Saint Barnabas Medical Center.

925.    C.W. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

926.    C.W. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on C.W.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.W. by Plaintiff.

927.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $120,000.00.

928.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,289.85.

929.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

930.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #93: C.B., Date of Service ("DOS"): 12/9/16*

931.    On December 9, 2016, Plaintiff rendered surgical services to Horizon Insured C.B. at Hudson Crossing Surgery Center.

932.    C.B. was diagnosed with a left knee lateral meniscus tear, and Plaintiff performed a left knee arthroscopy, medial meniscus debridement and anterior cruciate ligament partial tear debridement.

933.   C.B. was insured under the Horizon Gold PPO Plan through his employer, The Home Depot.

934.   C.B. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

935.   C.B. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on C.B.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to C.B. by Plaintiff.

936.   Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $94,000.00.

937.   Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $12,929.13.

938.   Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

939.   Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #94: A.M., Date of Service ("DOS"): 1/19/17*

940.   On January 19, 2017, Plaintiff rendered surgical services to Horizon Insured A.M. at Short Hills Surgery Center.

941.   A.M. was diagnosed with a left ankle displaced distal fibular fracture with disruption of the syndesmotic ligament and widening of the mortise, and Plaintiff performed an open reduction and internal fixation of the left distal fibular fracture and syndesmotic reduction and fixation.

942.     A.M. was insured under her mother's Horizon PPO Plan.

943.     A.M. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

944.     A.M. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on A.M.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to A.M. by Plaintiff.

945.     Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $100,000.00.

946.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $1,424.23.

947.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

948.     Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #95: L.A., Date of Service ("DOS"): 5/12/17*

949.     On May 12, 2017, Plaintiff rendered surgical services to Horizon Insured L.A. at St. Barnabas Medical Center.

950.     L.A. was diagnosed with end stage right hip osteoarthritis, and Plaintiff performed a right hip total replacement through a direct anterior approach.

951.     L.A. was insured under her Horizon BCBSNJ Plan.

952.     L.A. assigned her insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue

administrative and judicial appeal of claims.

953.    L.A. also appointed Plaintiff to serve as her agent, pursuant to an executed Power of Attorney, in order to, on L.A.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to L.A. by Plaintiff.

954.    Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $135,000.00.

955.    Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $2,770.69.

956.    Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

957.    Horizon rejected the appeal and improperly upheld the underpayment.

*Horizon Insured #96: K.J., Date of Service ("DOS"): 5/19/17 and 5/22/17*

958.    On May 19, 2017 and May 22, 2017, Plaintiff rendered surgical services to Horizon Insured K.J. at St. Barnabas Medical Center.

959.    On May 19, 2017, K.J. was diagnosed with left hip instability, and Plaintiff performed a left total hip arthroplasty.  On May 22, 2017, Plaintiff performed a revision of the left total hip replacement with replacement of femoral acetabular components.

960.    K.J. was insured under the Horizon Direct Access Plan through his employer, Marion P. Thomas High School.

961.    K.J. assigned his insurance benefits to Plaintiff, including the right to submit insurance claims, receive claim reimbursement checks directly from the insurance plan, and pursue administrative and judicial appeal of claims.

962.     K.J. also appointed Plaintiff to serve as his agent, pursuant to an executed Power of Attorney, in order to, on K.J.'s behalf, submit insurance claims for reimbursement payments, exercise appeals of claims, and file suit against his health insurance carrier for claims relating to reimbursement payments for medical services rendered to K.J. by Plaintiff.

963.     For the May 19, 2017 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $62,238.00.

964.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $18,409.64.

965.     For the May 22, 2017 services, Plaintiff submitted a claim to Horizon for surgical services provided to the Horizon Insured in the amount of $80,448.00.

966.     Horizon drastically underpaid the claim for the surgical services, allowing reimbursement in the amount of $25,475.80.

967.     Plaintiff appealed the underpaid claim to Horizon pursuant to the Horizon Insured's insurance plan.

968.     Horizon rejected the appeal and improperly upheld the underpayment.

**E.      Horizon's Failure to Provide Plan Documentation**

969.     As an administrator of the Horizon Plans, Horizon is obligated under ERISA to provide controlling plan documentation upon request of plan participants, beneficiaries, and their assignees.   Specifically, ERISA provides that:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated**.

29 U.S.C. § 1024(b)(4) (emphasis added).

970.     Further, ERISA regulations governing full and fair review of adverse benefit

determinations require that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503-1(h)(2)(iii).

971.    ERISA imposes upon an administrator a monetary penalty of up to $110 per day for each instance of non-compliance with a request for plan information, which is payable to Plaintiff as beneficiaries.  29 U.S.C. § 1132(c)(1); 29 C.F.R. 2575.502c-1.

972.    On August 12, 2020, Plaintiff – in its role as a beneficiary or assignee of the Horizon Insureds – requested that Horizon provide (1) applicable insurance policy language which justifies claim reductions on Horizon part; (2) Plan claims procedures; and (3) documentation of the methods upon which Horizon's payment allowances were made. To date, Plaintiff has not received the requested documentation from Horizon.

973.    As a result of its failure to provide Plaintiff with the requested documentation, Horizon is in violation of ERISA.

**F.    Plaintiff's Exhaustion of Administrative Remedies**

974.    ERISA, at 29 U.S.C. § 1133, mandates that a claimant (such as Plaintiff) that appeals the denial of claims must be given a "reasonable opportunity …for a full and fair review" of the decision denying the claim.  In addition, the regulations at 29 C.F.R. §2560. 503-1 set forth certain requirements of the claim appeal process that are necessary to achieve a full and fair review. The requirements include, without limitation, sufficient time for the claimant to submit an appeal; deadlines for responding to claim appeals; the necessity of having different individuals involved in the claim appeal than the ones who rendered the initial decision; mandatory disclosure of all documentation relevant to the claim decision; specific information that must be included in the claim determination and appeal determination letters; and, where the adverse determination was based in whole or in part on a medical judgment including a determination whether an item was

medically necessary or appropriate, the requirement that the appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

975.    Plaintiff properly appealed the Claims, exhausting its administrative remedies, to the extent required.  Plaintiff submitted at least the required number of appeals for each of the Claims at issue, providing medical documentation to Horizon supporting the need for the treatment at issue.

976.    Moreover, where a claims procedure falls short of the minimum standards required under ERISA and its regulations, the claimant is deemed to have exhausted administrative remedies under the plan and is entitled to pursue any available remedies under ERISA Section 502(a), 29 U.S.C. § 1132(a), or under State law, as applicable.  29 C.F.R. § 2560.503-1; 29 C.F.R. § 2590.715-2719.  That is the case here.

977.    Plaintiff has exhausted administrative remedies with respect to the Claims at issue, either through actual completion of the internal Horizon appeals process and/or by virtue of Horizon's failure to achieve minimal standards required under ERISA and its regulations.

978.    Specifically, without limitation, Horizon issued blanket denials that the services rendered were not compensable and not covered under the Insured's plan, which were inaccurate, and despite the submission of treatment records demonstrating the need for the services.  Horizon maintained these denials without a substantive or full and fair review of Plaintiff's appeals.

979.    Horizon's repeated and blanket denials of appeals for perfunctory and inaccurate reasons demonstrates that the purported appeals mechanism is a sham and a pretext for attempting to suggest that a legitimate appeals process exists, when it does not.

980.    As described above, any appeals required to be exhausted by Plaintiff must be

deemed exhausted by reason of futility, and/or due to Horizon's denial of meaningful access to administrative remedies under the Horizon Plans at issue in this action.

## G.     Horizon's Breach of Duty to Insureds

981.     Horizon's conduct also constitutes a violation of its obligations to the Horizon Insureds and to Plaintiff, by assignment.  Specifically, the Horizon Insureds and/or their employers typically pay a higher premium to enable the Horizon Insureds to receive the benefit of out-of-network coverage.  Horizon's conduct in improperly denying payment on Claims and improperly processing appeals effectively denied the Horizon Insureds the out-of-network benefits to which they are entitled.

982.     No valid or debatable reason exists for Horizon's conduct with respect to the Claims in issue.  In each instance, Horizon failed to individually evaluate Plaintiff's Claims through any legitimate means and indiscriminately denied reimbursement for services rendered.

983.     Horizon's unsubstantiated and bad faith denials of Plaintiff's Claims also violate the common law, further entitling Plaintiff to relief as detailed below.

## H.     Plaintiff Has Suffered Substantial Damages

984.     As a result of Horizon's systematic failure to appropriately process and pay out-of-network claims in compliance with ERISA requirements and/or the terms of the Horizon Plans, Plaintiff has incurred total damages of at least **$2,716,551.40** based on current data, and exclusive of interest, costs, and attorneys' fees.  Damages continue to accrue as additional Claims are wrongly denied or delayed through Horizon's improper conduct.

## I.     Plaintiff Has Standing to Bring the Claims

985.     As described above, Plaintiff is the assignee of the rights and benefits held by the Horizon Insureds in health care plans administered by Horizon.  Horizon Insureds who receive treatment from Plaintiff assign all of their rights and benefits with respect to such services to

-112-

Plaintiff. Such assignments confer on Plaintiff the right to maintain legal actions on the insured's behalf.

986.     Horizon has acknowledged that Plaintiff has the right to file claims for benefits pursuant to such assignments, by submitting payment for out-of-network services directly to Plaintiff for certain claims assigned to Plaintiff by the Horizon Insureds, and due to the interaction and communication between Horizon and Plaintiff with respect to processing of the underlying Claims.

987.     Accordingly, Horizon has waived and/or is estopped from asserting any rights to enforce anti-assignment provisions, if any, in the plans.

988.     In addition, Plaintiff has standing to bring this action as a "beneficiary" under ERISA, 29 U.S.C. § 1132(a). ERISA defines "beneficiary" as a "person designated by a participant . . . who is or may become entitled to a benefit" under an ERISA regulated plan. ERISA, 29 U.S.C. § 1002(8).

989.     When the Horizon Insureds assigned their rights and benefits to Plaintiff in connection with the services rendered to them by Plaintiff, those Horizon Insureds assigned all of their rights and benefits, including (1) the right to file a claim and receive payment, and (2) the legal right to file suit to obtain full payment.

990.     Plaintiff also have standing to bring this action as agents of the Horizon Insureds pursuant to Powers of Attorney duly executed by each Horizon Insured, as described above.

991.     Through the Powers of Attorney, the Horizon Insureds authorized Plaintiff to submit insurance claims to Horizon for reimbursement payments for all medical services rendered by Plaintiff, to exercise any appeals, and to file suit against Horizon for claims relating to reimbursement payments for medical services rendered by Plaintiff.

## COUNT I

## CLAIM FOR BENEFITS DUE UNDER ERISA § 502(a)(1)(B)

992.     Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

993.     Count I is brought under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).

994.     Plaintiff received valid assignments of all rights and benefits held by the Horizon Insureds pursuant to ERISA plans administered by Horizon as set forth herein.  Such assignments include all of the Horizon Insureds' rights and benefits with respect to out-of-network treatments provided by Plaintiff.

995.     The execution of such assignments confers upon Plaintiff beneficiary status under ERISA § 502(a).

996.     Through its course of dealings with Plaintiff as set forth above, Horizon waived any right to enforce any anti-assignment provisions which may exist in the Horizon Plan at issue.

997.     As a beneficiary under ERISA § 502(a), Plaintiff is entitled to recover benefits due to the Horizon Insureds pursuant to the terms of the Horizon Plans that govern the obligations of Horizon to the Horizon Insureds.

998.     In the alternative, Plaintiff, as agents of the Horizon Insureds pursuant to the duly executed Powers of Attorney, are entitled to recover benefits on behalf of the Horizon Insureds who are beneficiaries under ERISA § 502(a).

999.     Horizon functioned at all relevant times as the "plan administrator" for the Horizon Plans within the meaning of that term under ERISA for the Horizon Plans and continues to function in that capacity.  Horizon functions as a "plan administrator" when it insures or administers a group health plan, when it is designated as a plan administrator for such a plan, or when it determines appeals and addresses grievances within the meaning of such terms under ERISA.

BE:11572619.1/GOT052-278598

1000.   Horizon exercises discretionary authority and control in its administration of the Horizon Plans, and through interactions with Horizon Insureds and Plaintiff in the manner described herein.  Therefore, Horizon also functions as a "fiduciary" within the meaning of that term under ERISA.

1001.   Horizon violated its legal obligations as a plan administrator and/or fiduciary under ERISA and federal common law each time it failed to make payment, made only partial payment, or delayed payment of benefits, without complying with ERISA requirements governing the claims process and adverse benefit determinations.

1002.   Horizon violated its legal obligations under ERISA and federal common law each time it failed to make payment, made only partial payment, or delayed payment of benefits, without complying with the terms of the Horizon Plans that govern the obligations owed by Horizon to the Horizon Insureds and to Plaintiff as their assignee.

1003.   Horizon's lack of disclosure to the Horizon Insureds and to Plaintiff relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

1004.   Plaintiff properly appealed the Claims at issue to the extent any such appeals were required.  The appeals were improperly denied.

1005.   Moreover, all appeals should be deemed exhausted or excused by virtue of Horizon's numerous procedural and substantive violations described herein, which deprived Plaintiff of meaningful access to administrative remedies.

1006.   As a result of the foregoing, Plaintiff seeks payment of unpaid benefits on the Claims and interest from Horizon back to the dates when the Claims were originally submitted to Horizon.  Further, Horizon should be forbidden to engage in the wrongful conduct with respect to processing of the Horizon Insureds' Claims described herein.

BE:11572619.1/GOT052-278598

1007.   Additionally, Horizon should be ordered to disgorge the profits or fees it has earned by denying and/or delaying payment of Plaintiff's Claims through conduct in violation of ERISA.

1008.   Plaintiff further requests attorneys' fees, costs, prejudgment interest and other appropriate relief against Horizon.

**COUNT II**

**VIOLATION OF FIDUCIARY DUTIES OF LOYALTY AND CARE**

1009.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

1010.   Count II is brought under 29 U.S.C. § 1132(a)(2), 29 U.S.C. § 1104, and 29 U.S.C. § 1109.

1011.   Plaintiff received a valid assignment of all rights and benefits held by the Horizon Insureds pursuant to ERISA plans administered by Horizon as set forth herein.  Such assignments confer on Plaintiff all of the Horizon Insureds' rights and benefits with respect to out-of-network treatments provided by Plaintiff.

1012.   The execution of such assignments confers upon Plaintiff the status of beneficiary under ERISA § 502(a).

1013.   In the alternative, the Horizon Insureds, as beneficiaries under ERISA§ 502(a), duly executed Powers of Attorney authorizing Plaintiff to pursue on behalf of the Horizon Insureds collection of claims for benefits for medical services rendered by Plaintiff to the Horizon Insureds, including with respect to out-of-network treatments provided by Plaintiff.

1014.   Horizon acted as a fiduciary to the beneficiaries – including the Horizon Insureds and Plaintiff – of the plans it administered, including the plans of Horizon Insureds that received treatment from Plaintiff.

1015.   Specifically, with respect to such Plans, Horizon acted as a fiduciary to

-116-

beneficiaries (including Plaintiff) because Horizon exercised discretion in determining the amounts of Plan benefits that would be paid to Plan beneficiaries. The exercise of discretion with regard to determination of plan benefits is an inherently fiduciary function and confers the imposition of the duties of loyalty and care.

1016.   The Horizon Insureds, and Plaintiff by way of assignment of the rights and Powers of Attorney of the Horizon Insureds, may sue in a representative capacity on behalf of the individual Horizon Plan at issue in this Complaint for relief with respect to breaches of fiduciary duties by Horizon.

1017.   As a fiduciary of plans governed by ERISA, Horizon owes the beneficiaries of such plans (including Plaintiff) a duty of care, defined as an obligation to act prudently, with the care, skill, prudence, and diligence that a prudent administrator would use in the conduct of an enterprise of like character.

1018.   Additionally, as set forth in § 404(a)(1)(B) and (D) of ERISA, 29 U.S.C. § 1104(a)(1)(B) and (D), ERISA fiduciaries must ensure that they are acting in accordance with the documents and instruments governing the plan.

1019.   Horizon violated the fiduciary duty of care it owed to Plaintiff as beneficiary of the Horizon Plan by its conduct set forth above, such as, making adverse benefit determinations with regard to payment or denial of Plan benefits to Plaintiff contrary to and based upon reasons outside of the Horizon Plans, ERISA, and regulations promulgated thereunder, including, upon information and belief, Horizon's own financial interest.

1020.   As a fiduciary of plans governed by ERISA, Horizon owes the beneficiary of such plans (including Plaintiff) a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the

fiduciary at the expense of the beneficiaries.  For example, Horizon is prohibited from making benefits determinations for the purpose of enhancing its own profitability at the expense of its beneficiaries.  § 406 of ERISA, 29 U.S.C. § 1106.

1021.   Horizon violated the fiduciary duty of loyalty it owed to Plaintiff as beneficiary of Horizon Plans by its conduct set forth above, such as making adverse benefit determinations with regard to payment or denial of Plan benefits to Plaintiff contrary to and based upon reasons outside of those permitted by the Horizon Plans, ERISA, and regulations promulgated thereunder, including, upon information and belief, Horizon's own financial interest.

1022.   By example, Horizon issued blanket boilerplate adverse benefit determinations which had the effect of reimbursing less than required by the applicable Horizon Plans without valid evidence or information to substantiate such determinations and/or in an arbitrary fashion.

1023.   Plaintiff has exhausted administrative remedies with respect to the Claims at issue through completion of the Horizon internal appeals process, to the extent necessary.

1024.   Moreover, all appeals should be deemed exhausted by virtue of Horizon's numerous procedural and substantive violations described herein, which deprived Plaintiff of meaningful access to administrative remedies.

1025.   Further, the routine failed appeals, Horizon's procedural flaws in deciding appeals, and lack of meaningful analysis in deciding the appeals, show the futility of exhausting appeals to Horizon.  Exhaustion of appeals under ERISA should, therefore, be deemed to be futile.

1026.   As a result of the foregoing, Plaintiff is entitled to restitution and injunctive and declaratory relief pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3), based upon Horizon's violation of its fiduciary duties.  Additionally, Horizon should be ordered to disgorge the profits or fees it has earned by denying and/or delaying payment of Plaintiff's Claims through

conduct which violated its fiduciary duties under ERISA.

1027. Further, Plaintiff is entitled to be made whole in the form of monetary compensation for the losses it incurred, and which continue to result from Horizon's breaches of its fiduciary duties owed to Plaintiff, including interest back to the dates that the claims were originally submitted to Horizon.

## COUNT III

## PENALTIES FOR FAILURE TO PROVIDE PLAN DOCUMENTS

1028. Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein.

1029. Count III is brought under 29 U.S.C. § 1132(a)(1)(A) and 29 U.S.C. § 1132(c)(1).

1030. As an administrator of the Horizon Plans, Horizon is obligated under ERISA to provide controlling plan documentation upon request of plan participants, beneficiaries, and their assignees.   Specifically, ERISA provides that:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated**.

29 U.S.C. § 1024(b)(4) (emphasis added)

1031. Further, ERISA regulations governing full and fair review of adverse benefit determinations require that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503-1(h)(2)(iii).

1032. ERISA imposes upon an administrator a monetary penalty of up to $110 per day for each instance of non-compliance with a request for plan information, which is payable to Plaintiff as beneficiary.  29 U.S.C. § 1132(c)(1); 29 C.F.R. §2575.502c-1.

BE:11572619.1/GOT052-278598

1033.   On July 10, 2020, Plaintiff requested that Horizon provide as to each Claim: (1) the plan document; (2) the Summary Plan Description; (3) the Evidence of Coverage; (4) any amendments to the above; (5) any agreements or instruments under which the plan is established or operated; and (6) other relevant documentation.  To date, Plaintiff has not received the requested documentation from Defendants.

1034.   As a result of its failure to provide Plaintiff with the requested documentation, Horizon is in violation of ERISA.

## COUNT IV

## ATTORNEYS' FEES AND COSTS UNDER ERISA

1035.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

1036.   29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs of an ERISA action.

1037.   As a result of the above-described conduct by Horizon, Plaintiff was required to retain the services of counsel and necessarily incurred legal fees and costs in prosecuting this action.

1038.   Plaintiff anticipates incurring additional legal fees and costs in association with this action.

1039.   Plaintiff therefore requests an award of reasonable attorneys' fees and costs against Horizon in an amount that will be calculated at the conclusion of this action.

## COUNT V

## BREACH OF CONTRACT

1040.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

BE:11572619.1/GOT052-278598

1041.   To the extent that Claims relating to benefits or payments owed by Horizon are not associated with an ERISA-governed Horizon Plan and/or are not preempted by ERISA, Plaintiff is entitled, as the assignee of rights and benefits held by Horizon Insureds under their insurance contracts or plans with Horizon, to maintain a claim for breach of contract pursuant to New Jersey law.

1042.   Through its course of dealings with Plaintiff as set forth above, Horizon waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Horizon Plans at issue.

1043.   The Horizon Insureds and/or their employers entered into insurance contracts with Horizon to procure coverage through Horizon's Plans and assigned the rights and benefits under those contracts to Plaintiff.

1044.   Horizon received good and valuable consideration from the Insured and/or his employer in exchange for providing certain insurance benefits under the Horizon Plans, including the out-of-network benefits.

1045.   In violation of those agreements, Horizon failed to pay Plaintiff (as the assignee of such benefits and/or third-party beneficiary of the Horizon Insureds' contractual rights) all benefits owed to the Horizon Insureds.

1046.   Plaintiff provided medically necessary and appropriate treatment to the Horizon Insureds and submitted appropriate bills directly to Horizon for said services in accordance with the terms of the Horizon Plans and New Jersey law.

1047.  Plaintiff has complied with all terms of Horizon Insureds' Plans, the benefits of which have been lawfully assigned to Plaintiff, including the right to assert legal claims to enforce rights thereunder.

BE:11572619.1/GOT052-278598

1048.   As a proximate result of Horizon's material breaches of contract and non-payment for services duly rendered, Plaintiff has suffered damages.

1049.   In the alternative, Plaintiff, as agents of the Horizon Insureds under the duly executed Powers of Attorney, are entitled to maintain a claim for breach of contract on behalf of the Horizon Insureds pursuant to New Jersey law.

1050.   Horizon Insureds and/or their employers entered into insurance contracts with Horizon to procure coverage through Horizon's Plans.

1051.   Horizon received good and valuable consideration from its Insureds and/or their employers in exchange for providing certain insurance benefits under the Horizon Plans, including the out-of-network benefits.

1052.   In violation of these agreements, Horizon failed to pay the Horizon Insureds or Plaintiff (as the agent of the Horizon Insureds and/or third-party beneficiaries of the Horizon Insureds' contractual rights) all benefits owed to Horizon Insureds.

1053.   Plaintiff provided medical treatment to the Horizon Insureds and submitted appropriate bills directly to Horizon for said services in accordance with the terms of the Horizon Plans and New Jersey law.

1054.   Plaintiff and the Horizon Insureds have complied with all terms of Horizon Insureds' Plans.

1055.   As a proximate result of Horizon's material breaches of contract, Plaintiff have suffered damages.

## <u>COUNT VI</u>

## <u>BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING</u>

1056.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

1057.   To the extent that the Claims relating to benefits or payments owed by Horizon are not associated with an ERISA-governed Horizon Plan and/or are not preempted by ERISA, Plaintiff is entitled, as the assignee of rights and benefits held by the Horizon Insureds, to maintain a claim for breach of the implied covenant of good faith and fair dealing pursuant to New Jersey law.

1058.   Through its course of dealings with Plaintiff as set forth above, Horizon waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Horizon Plans at issue.

1059.   In the alternative, Plaintiff is entitled, as the duly authorized agents of the Horizon Insureds, to maintain a claim on behalf of the Horizon Insureds for breach of the covenant of good faith and fair dealing pursuant to New Jersey law.

1060.   A covenant of good faith and fair dealing is implied in all contracts between Horizon and its Insureds under New Jersey law.

1061.   Horizon had no legitimate, good faith basis for engaging in improper conduct set forth above in connection with its contracts with the insured.  Horizon's conduct breached the covenant of good faith and fair dealing owing to its insureds, and to Plaintiff as their assignee and beneficiary.  Plaintiff has standing to assert claims for breach of the covenant of good faith and fair dealing in its capacity as assignee of the Horizon Insureds' rights under the contracts and/or as agents of the Horizon Insureds and/or as third-party beneficiary.

1062.   Horizon breached the implied duty of good faith and fair dealing under the contract with the Horizon Insureds, and deprived Plaintiff of the benefits of the Horizon Plans here at issue, including payment for services duly rendered.

1063.   As a proximate result of Horizon's material breach of the implied covenant and

duty of good faith and fair dealing, Plaintiff has suffered damages.

## COUNT VII

## PROMISSORY ESTOPPEL

1064.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

1065.   To the extent that the Claims relating to benefits or payments owed by Horizon are not associated with an ERISA-governed Horizon Plan and/or are not preempted by ERISA, Plaintiff are entitled, as the assignee of rights and benefits held by the Horizon Insureds under their insurance contracts or plans with Horizon, to maintain a promissory estoppel claim against Horizon under New Jersey law.

1066.   Through its course of dealings with Plaintiff as set forth above, Horizon waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Horizon Plans at issue.

1067.   Plaintiff, to its detriment, reasonably relied upon Horizon's numerous assurances and promises that it would process claims and issue benefits in accordance with the terms of the Horizon Plans through which the Horizon Insureds receive benefits.

1068.   Through their course of dealings, and under New Jersey law, Plaintiff expected Horizon to process claims and issue benefits in accordance with the terms of the Horizon Plans through which the Horizon Insureds received benefits.

1069.   Plaintiff has suffered damages as a direct and proximate result of its reasonable reliance upon Horizon's numerous assurances and promises that it would process claims and issue benefits and make payment to Plaintiff as assignee of the Horizon Insureds, in accordance with the terms of Horizon Plans through which the Horizon Insureds receive benefits, and Horizon's failure

to fulfill such assurances and promises.

## COUNT VIII

## UNJUST ENRICHMENT

1070.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

1071.   To the extent that the Claims relating to benefits or payments owed by Horizon are not associated with an ERISA-governed Horizon Plan and/or are not deemed preempted by ERISA, Plaintiff is entitled, as the assignee of rights and benefits held by the Horizon Insureds, to maintain an unjust enrichment claim against Horizon under New Jersey law, for payment owing for services rendered to the Horizon Insureds.

1072.   Through its course of dealings with Plaintiff as set forth above, Horizon waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Horizon Plans at issue.

1073.   By and through its failure to process claims and issue benefits for services rendered by Plaintiff in accordance with the Horizon Plans through which the Horizon Insureds received benefits, Horizon has retained moneys to which it is not entitled and to which Plaintiff is entitled for services rendered to the Horizon Insureds.

1074.   Plaintiff has suffered damages as a direct and proximate result of Horizon's actions.

## COUNT IX

## QUANTUM MERUIT

1075.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

1076.   Plaintiff provided services and other things of value to Horizon and the Horizon

BE:11572619.1/GOT052-278598

Insureds.

1077.   Horizon has not paid for such services and things of value.

1078.   Plaintiff, therefore, is entitled to payment from Horizon for the reasonable value of the services rendered in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor against Horizon as follows:

(A)     Declaring that Horizon has breached the terms of its Plans with regard to the out-of-network benefits in the Plans, and awarding compensatory damages to Plaintiff for unpaid benefits, as well as awarding declaratory relief with respect to Horizon's violations of ERISA, including a declaration that Horizon's claim processing methodology with respect to claims assigned to Plaintiff violates ERISA;

(B)     Declaring that Horizon has breached its fiduciary obligations owed to Plaintiff under ERISA and awarding compensatory damages resulting therefrom;

(C)     Declaring that Horizon has failed to provide "full and fair review" of claims denials or reductions to Plaintiff as required under ERISA and its implementing regulations, and awarding compensatory damages and declaratory relief with respect to Horizon's violations of ERISA;

(D)     Awarding Plaintiff pre-judgment interest back to the dates its claims were originally submitted to Horizon;

(E)     Declaring that Horizon has violated federal claims procedures under ERISA and that "deemed exhausted" under the ERISA regulations is in effect as a result of Horizon's actions;

(F)     Enjoining Horizon from continuing to commit any violation of law;

(G)     Ordering Horizon to disgorge the profits or fees it has earned by denying and/or delaying payment of Plaintiff's Claims through conduct in violation of ERISA;

(H)     Awarding Plaintiff compensatory damages on all claims in an amount to be proven at trial;

(I)     Awarding Plaintiff prejudgment interest on all claims;

(J)     Awarding Plaintiff punitive and exemplary damages against Horizon in an amount to be proven at trial;

(K)     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, expenses, and other costs permitted by law, including but not limited to 29 U.S.C. § 1132(g)(1), to be paid by Horizon in amounts to be determined by the Court; and

BE:11572619.1/GOT052-278598

(L)     Granting such other relief against all Defendants as the Court deems just and proper.

**BRACH EICHLER L.L.C.**

By:  /s/ Keith J. Roberts_____
Keith J. Roberts, Esq.
Shannon Carroll, Esq.
Paul M. Bishop, Esq.
Email: kroberts@bracheichler.com
101 Eisenhower Parkway
Roseland, NJ  07068
Telephone: 973.228.5700

Dated:                  *Attorneys for Plaintiff*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all Counts so triable.

By:  /s/ Keith J. Roberts_____
Keith J. Roberts, Esq.
Shannon Carroll, Esq.
Paul M. Bishop, Esq.
Email: kroberts@bracheichler.com
101 Eisenhower Parkway
Roseland, NJ  07068
Telephone: 973.228.5700

Dated:                  *Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I hereby certify that the matter in controversy is not the subject of any other action pending

in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.

**BRACH EICHLER L.L.C.**

By:  _/s/ Keith J. Roberts_____
Keith J. Roberts, Esq.
Shannon Carroll, Esq.
Paul M. Bishop, Esq.
Email: kroberts@bracheichler.com
101 Eisenhower Parkway
Roseland, NJ  07068
Telephone: 973.228.5700
*Attorneys for Plaintiff*

Dated:  March 19, 2021